ISRAEL A. GAMER & others vs. ZONING BOARD OF APPEALS
OF NEWTON & another.

Middlesex.     November 7, 1963. — January 9, 1964.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Board of appeals: appeal to board; Common ownership of lots.
  *Mandamus.   Words,* "Common ownership."

If a requirement of a city's zoning ordinance that an appeal to the board
  of appeals be taken within five days did not allow a "reasonable time"
  under G. L. c. 40A, § 13, as appearing in St. 1955, c. 325, § 1, with re-
  spect to one claiming to be aggrieved by the granting of a building
  permit for land in his neighborhood, he was not thereby entitled to take
  an appeal to the board after the expiration of the five days, but would
  have a remedy by mandamus to enforce the ordinance.   [649]
With respect to a provision of a city's zoning ordinance dealing with mini-
  mum area requirements in relation to contiguous lots "in common own-
  ership," the fact that the owner of a lot was at the same time the bene-
  ficial owner of a contiguous lot of which he was not the owner of record
  would not establish "common ownership" of the two lots so as to affect
  the rights of a successor in title to the first lot who rightfully relied on
  the record in acquiring his title.   [649–650]

BILL IN EQUITY under G. L. c. 40A, § 21, filed in the Supe-
rior Court on May 11, 1962.

The suit was heard by *Dewing, J.*

*George Waldstein* for the plaintiffs.

*Martin W. Cohen* for the defendants.

WHITTEMORE, J.   The plaintiffs have appealed from the
final decree of the Superior Court that upheld a decision of
the Zoning Board of Appeals of the city of Newton.   The
board's decision had dismissed an appeal to it under G. L.
c. 40A, §§ 13, 15, and 16.

The controversy arose from the Public Building Commis-
sioner's grant of a building permit on December 8, 1961, to
the defendant William R. Stevenson, applicable to a lot on
Montvale Road, referred to as lot 23.   The plaintiffs are
neighbors of Stevenson and on January 11, 1962, sent a let-
ter to the Zoning Board of Appeals purporting to appeal

from that action.[1]

The board and the Superior Court both ruled that the appeal to the board was not timely. General Laws c. 40A, as then in force, provided, in § 13, second paragraph: ''A zoning ordinance or by-law may prescribe a reasonable time within which appeals under this section may be taken''; in § 16: that appeals to the board ''be taken within the time prescribed by ordinance or by-law . . . [or, if there is no time so prescribed] within a reasonable time provided by rule of the board of appeals.''[2] The zoning ordinance required that appeal be taken within five days.

The plaintiffs contend that five days was not a reasonable time, so that the ordinance was invalid and there is no limit on the right of appeal. We agree that persons aggrieved who were not parties to the proceedings before the Building Commissioner to obtain a permit should not be barred from seeking relief because they did not appeal within five days. But the consequence is not that such persons could appeal at any time, but rather that their only means for relief is a petition for writ of mandamus to enforce the zoning ordinance. See *Dodge* v. *Inspector of Bldgs. of Newburyport,* 340 Mass. 382, 385–386; *Van Arsdale* v. *Provincetown,* 344 Mass. 146, 151; *Kolodny* v. *Building Commr. of Brookline, ante,* 289, 290, and cases cited. There is no basis for concluding that persons who may be aggrieved by the construction of a building pursuant to the issuance of a permit must have a right of appeal from such issuance.

A substantive issue has been argued and we deem it appropriate to express our views on that issue. *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 614.

The issue argued is whether in 1961 lot 23 was in common ownership with lot 24 under that part of § 23.8 (d) of the

[1] Although this notice was in due course received by the official whose duty it was to have charge of the records of both the Building Commissioner and the Zoning Board of Appeals, no separate notice was sent to the Commissioner. Our decision is such that we need not consider the effect of this under G. L. c. 40A, § 16. That statute as then in force provided for taking the appeal ''by filing with the officer or board from whose order or decision the appeal is taken and with the board of appeals a notice of appeal . . . .''

[2] See St. 1963, c. 207, which amended c. 40A, § 13, by striking the second paragraph, and which amended § 16 to specify that the appeal ''be taken within thirty days from the date of the order or decision . . . .''

zoning ordinance which provides that ". . . if, at any time subsequent to 1950, two or more contiguous lots with frontage upon a common street shall be in common ownership . . . paragraphs (a) and (b) [the provisions of § 23.8 stating minimum lot sizes] shall apply to the extent that it is possible by combining such lots . . . to provide one or more lots each of which complies, or more nearly complies . . . with said paragraphs (a) and (b)."

The judge in the Superior Court, differing from the board, ruled that "common ownership" was inclusive of beneficial ownership and found that in 1961 Daniel Mordecai, predecessor in title of Stevenson, had been the owner of lot 23 at a time when he was also beneficial owner of lot 24 which he had conveyed to his son for a nominal consideration as a "gift." The judge found also that when lot 24 was sold Mordecai took the proceeds; Mordecai testified that he had revoked the "gift." The judge concluded that Mordecai had attempted to circumvent the zoning ordinance.

The parties appear to have assumed that once two contiguous lots come into "common ownership," § 23.8 (d) applies even after the common ownership ceases. This issue has not been argued and we express no view.

There are strong, controlling reasons for so construing the term "common ownership" that an innocent owner's right to build on his land is determined by matters ascertainable of record. There is no countervailing indication in the language of the ordinance. Therefore, if § 23.8 (d) would have been applicable after common ownership ceased, nevertheless Mordecai's beneficial ownership could not be common ownership so as to affect the right of one who rightly relied on the record title. There is no finding, and no basis in the record for inferring, that Stevenson did not do so. Mordecai's rights and limitations while he remained the beneficial owner of both lots are, of course, not at issue.

Stevenson has pointed out that an underlying statute, G. L. c. 40A, § 5A, may be applicable to assure his right to the permit regardless of the ordinance, but the record does not adequately show the facts as to this.

*Decree affirmed.*