ANDREW HALKO & others *vs.* BOARD OF APPEALS OF
BILLERICA & others.

Middlesex. May 4, 1965. — July 1, 1965.

Present: WILKINS, C. J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Nonconforming use or structure, Amendment of by-law or ordi-
nance, Spot zoning, Variance. *Equity Pleading and Practice,* Zoning
appeal, Stipulation, Rehearing. *Jurisdiction,* Zoning. *Superior Court,*
Jurisdiction. *Equity Jurisdiction,* Zoning. *Municipal Corporations,*
Town meeting.

The Superior Court was not deprived of jurisdiction of a bill in equity
by way of appeal from a decision of a zoning board of appeals under
G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by the fact
that the copy of the decision attached to the bill did not bear the date
the decision was filed with the town clerk, where it appeared that the
copy was entitled "copy as filed in office of the town clerk" and was
attested by her as "A true copy," that recitals in the decision showed
that it was made by the board on June 21, and that the bill was filed
on July 11, the twentieth day after June 21. [467-468]

The Superior Court was not deprived of jurisdiction of a bill in equity
by way of appeal from a decision of a zoning board of appeals under
G. L. c. 40A, § 21, as amended through St. 1960, c. 365, filed by one
other than the original applicant to the board, by the fact that the bill
did not state the addresses of the defendants, where the plaintiff's affida-
vit that he had seasonably given notice of the filing of the bill was filed
within the prescribed twenty-one days after the entry of the bill and
stated such addresses. [468]

An article in the warrant for a town meeting proposing to rezone "the
whole or any part of land owned by" a named person located on speci-
fied intersecting streets and accurately describing by metes, bounds and
square footage a parcel which included land of another owner as well
as the land of the named person was not invalid for uncertainty because
it failed to name the other owner, and a vote at the meeting to rezone
"the whole or any part of land bounded and described in" the article
rezoned the whole and all parts of the parcel described. [470-471]

The record in a suit in equity did not show that an amendment of a town's
zoning by-law changing from a neighborhood business zone to a general
business zone a triangular parcel lying between two intersecting public
ways was invalid as spot zoning where it appeared that the opposite
triangle was already zoned for general business and that another parcel
just across a way from the rezoned triangle was also rezoned for gen-
eral business at the same town meeting; it was immaterial that the
zoning change of the triangle was motivated by the desire of a land-
owner therein to continue a business which in the circumstances he was
otherwise barred from carrying on. [471-472]

A stipulation recorded in a final decree in a suit in equity under G. L. c. 40A, § 21, annulling a decision of a zoning board of appeals permitting the rebuilding of a nonconforming café building substantially damaged by fire, that "the defendants . . . will . . . [not] rebuild" the café building, was effective as an agreement that the damaged structure would not be rebuilt for café purposes as a nonconforming use. [472]

Where a town's zoning board of appeals denied a special permit required by the by-law for rebuilding, after substantial damage by fire, a building devoted to a nonconforming use, and subsequently such use became an allowed use by rezoning, the board, less than two years after such decision, was not barred by G. L. c. 40A, § 20, from considering on its merits an application by the landowner for certain variances necessary by reason of the size of the lot for its use with the rebuilt building thereon for the purpose made allowable by the rezoning. [472–473]

Upon report of a suit in equity by way of appeal from a decision of a zoning board of appeals under G. L. c. 40A, § 21, where the case had been presented on the pleadings and on a statement of agreed facts largely relating to issues other than a variance granted by the board, and the Superior Court judge had made no finding whether the statutory requirements for the variance had been met, this court remanded the case for a further hearing, not to be limited to the agreed facts, respecting the variance. [473]

BILL IN EQUITY filed in the Superior Court on July 11, 1960.

The suit was reported by *Vallely*, J.

*Steven J. Cohen* (*Edward J. Barshak* with him) for the plaintiffs.

*Warren W. Allgrove* for the defendant Nuttings Lake Cafe, Inc. & another.

WHITTEMORE, J. This appeal to the Superior Court is by neighboring landowners claiming to be aggrieved by a decision of the board of appeals of the town of Billerica of June 21, 1960. That decision purported to grant a variance and other relief. The case is here on reservation and report. See G. L. c. 214, § 31. The issues are presented on the pleadings and on a statement of agreed facts that incorporates exhibits.

1. The plea in abatement (treated as a demurrer to raise a question of jurisdiction under G. L. c. 40A, § 21, as amended by St. 1960, c. 365, *Maltzman* v. *Hertz*, 336 Mass. 704, 705) must be overruled.

We pass without intimation the unargued issue whether St. 1960, c. 365, enacted May 3, 1960, relates to the powers of courts so that it took effect on the thirtieth day after enactment. See G. L. c. 4, § 1; art. 48 of the Amendments to the Constitution, The Referendum, I, III, § 2; *Commonwealth* v. *Sacco,* 255 Mass. 369, 410–411. Compare *Coyle* v. *Swanson,* 345 Mass. 126, 127. The issue raised by the plea has been fully argued on the assumption, which we accept for this case, that the amending statute was in effect when the bill of complaint was filed on July 11, 1960.

General Laws c. 40A, § 21, as amended by St. 1960, c. 365, provides, inter alia, that an appeal from a decision of a board of appeals is to be taken by a bill in equity filed "within twenty days after the decision has been filed in the office of the . . . town clerk . . . [and that there] shall be attached to the bill a copy of the decision appealed from, bearing the date of the filing thereof, certified by the . . . town clerk with whom the decision was filed."

There was attached to the bill of complaint as filed a copy of the decision entitled "copy as filed in office of the Town Clerk" and attested by the town clerk as "A true copy." The date of filing was not stated. The decision, however, recites that the board voted on June 21, 1960, to grant the application, and, above the signatures of the board, contains these words: "Date of decision June 21, 1960." Hence the certification of the town clerk attached to a bill filed on July 11, told of the filing of the decision with her on or before that date. It thus informed all concerned that the filing of the bill was timely, it having been on the twentieth day after June 21, the date of decision, and thus before the expiration of twenty days after the intervening event, the filing with the town clerk.

The omission of the date from the clerk's certificate did not deprive the Superior Court of jurisdiction. That depended upon the timely filing of the bill of complaint within the twenty day period and the giving of notice to the town clerk of that filing so as to be received within the twenty day period. *Del Grosso* v. *Board of Appeal of Revere,* 330

Mass. 29, 32. *Lincoln* v. *Board of Appeals of Framingham,*
346 Mass. 418. There is no contention that notice to the
clerk of the filing of the bill of complaint in the Superior
Court was not timely. The provision for the certification
of the date of the filing of the decision with the town clerk
appears designed to show of record that the appeal was
within the statutory period.[1]

The failure to file with the bill the addresses of the de-
fendants was, likewise, not a jurisdictional defect. This is
part of the statutory scheme for giving prompt notice by
delivery or certified mail.[2] That the notice was sent to the
correct addresses was shown of record by the inclusion of
the addresses in the affidavit, duly filed within the pre-
scribed twenty-one days. The critical date is the expira-
tion of that period, for the statute expressly provides for
dismissal if "no such affidavit is filed within such time."

2. The defendant Edward F. McNulty is the president,
treasurer and principal stockholder of the defendant Nut-
tings Lake Cafe, Inc. (Nuttings). For some time prior to
1959 Nuttings had owned a parcel of land of about 3,990
square feet, with a main building and an accessory building
thereon, lying between Nuttings Lake and Middlesex Turn-
pike near its intersection with Lake Street, in a neighbor-
hood business zone. Nuttings operated a café in the main
building under a license for the sale of all alcoholic bever-
ages. The structure was nonconforming to the zoning by-
law both as to use and yard and area requirements. On
January 24, 1959, a fire substantially damaged the building.

---

[1] Failure to comply with this threshold requirement may in the appropriate
case give ground for dismissal or the imposition of terms. See *Cohen* v.
*Board of Registration in Pharmacy,* 347 Mass. 96, 98–99.

[2] General Laws c. 40A, § 21 provides, in part: "Where the bill is filed by
someone other than the original applicant, appellant or petitioner, such origi-
nal applicant, appellant or petitioner and all the members of the board of
appeals shall be named as parties respondent with their addresses. To avoid
delay in the proceedings, instead of the usual service of process on a bill in
equity, the plaintiff shall within fourteen days after the filing of the bill in
equity give written notice thereof, with a copy of the bill by delivery or
certified mail to all respondents, including the members of the board of ap-
peals, and shall, within twenty-one days after the entry of the bill file with
the clerk of the court an affidavit that such notice has been given. If no such
affidavit is filed within such time the bill shall be dismissed."

Nuttings thereafter, in several separate proceedings, sought permission from the board of appeals to rebuild.[3] The board on May 19, 1959, rendered a decision granting such permission. Seven residents appealed to the Superior Court as aggrieved persons. G. L. c. 40A, § 21. Five of those appellants are plaintiffs in the appeal now before us. On August 18, 1959, findings of fact and an order for decree were entered in that case. The judge found that an earlier application for a special permit had been denied by the board on February 26, 1959. He ruled that G. L. c. 40A, § 20,[4] had been duly accepted by the town and was in full force and effect when the February, 1959, application was made. He found that Nuttings' proposed plans were the same in each application and ruled that the decision of May 19, 1959, was invalid and should be annulled. He found that the café was damaged by fire to more than sixty-five per cent of its reproduction cost.

On November 24, 1959, a final decree was entered annulling the decision of the board of May 19, 1959. This decree includes, over the assenting signature of the attorney for McNulty and Nuttings, the recital that "the defendants, Edward F. McNulty and Nuttings Lake Cafe, Inc., stipulate that they will neither rebuild nor remodel a café building on land of the respondent corporation on

---

[3] Section 12 (3) of the zoning by-law provides: "Any non-conforming building or structure destroyed or damaged by fire, flood, lightning, wind or otherwise to the extent of sixty-five percent (65%) or more of its reproduction cost at the time of such damage shall not be rebuilt, repaired, reconstructed not [*sic*] altered except for a purpose permitted in the zoning district in which such building is located, or except as may be permitted otherwise by the Board of Appeals acting under G. L. Ch. 40A, as amended."

[4] General Laws c. 40A, § 20, reads: "After acceptance of this section or corresponding provisions of earlier laws as provided in section four of chapter four, no appeal or petition under paragraph three of section fifteen for a variance from the terms of such an ordinance or by-law with respect to a particular parcel of land or the building thereon, and no application under paragraph two of section fifteen for a special exception to the terms of any such ordinance or by-law, which has been unfavorably acted upon by the board of appeals shall be considered on its merits by said board within two years after the date of such unfavorable action except with the consent of all of the members of the planning board, or of the board of selectmen in a town having no planning board."

Middlesex Turnpike, Billerica."[5]

At some time, apparently on or before November 19, 1959, Nuttings petitioned for an amendment to the zoning by-law to place a parcel containing approximately 15,536 square feet inclusive of the locus in a general business district. The planning board's notice on the petition was apparently published on November 19 and December 3. The hearing was advertised for December 17, 1959. The board on March 12, 1960, recommended to the impending town meeting that the amendment be adopted. The board's report recited that "The petitioner says all he wants to do is rebuild his business that was burned down. . . . The Board feels it should be zoned to General Business to permit the continuance of a long established business."

The town meeting adopted the proposed amendment at an adjourned session on April 5, 1960. Nuttings, in April, 1960, applied for a permit to build on the locus. The building inspector on April 20, 1960, denied the application because the lot was too small and the proposed building did not allow for yards as specified for a general business district and covered an area greater than permitted by the by-law.

Nuttings appealed to the board of appeals from the refusal of a permit and also sought a variance and a permit "for a specific use" that was subject to the board's approval.

The board's decision of June 21, 1960 granted the relief requested and the plaintiffs appealed to the Superior Court in the proceeding now before us. Following the board's decision "the respondents [McNulty and Nuttings] had the building which now contains the café constructed."

The amendment of the zoning by-law, adopted April 5,

[5] "FINAL DECREE — This cause came on to be heard upon motion for entry of a final decree and it appearing that the defendants, Edward F. McNulty and Nuttings Lake Cafe, Inc., stipulate that they will neither rebuild nor remodel a cafe building on land of the respondent corporation on Middlesex Turnpike, Billerica, and counsel consenting hereto in writing, it is thereupon, upon consideration thereof, ordered, adjudged and decreed: 1. The decision of the Board of Appeals of the Town of Billerica, dated May 19, 1959, granting a special permit to Nuttings Lake Cafe, Inc. to remodel and rebuild a non-conforming building on Middlesex Turnpike, Billerica, be and hereby is annulled. . . ."

1960, was valid. The article in the warrant specified "the whole or any part of land owned by Nuttings . . . located on Middlesex Turnpike Road and Lake Street, bounded and described as follows: Beginning on the southerly side of Lake Street, at its intersection with Middlesex Turnpike Road, thence running southerly by the easterly side of said road to Nuttings Lake, thence running easterly by said lake, 66 feet, thence turning and running northerly by Lot 203 on Nuttings Lake Park Plan, Plan B, 129 feet to Lake Street, thence turning and running westerly by the southerly side of said Lake Street, 149 feet to the point of beginning. Containing approximately 15,536 square feet." The area described by metes, bounds and square footage included the land of another owner. We think the failure to name the other owner did not make the proposal invalid for uncertainty. The metes and bounds accurately described the parcel and plainly indicated the parcel bounded by Lake Street, Middlesex Turnpike Road, the Lake and another lot. See *Burlington* v. *Dunn,* 318 Mass. 216, 219, cert. den. sub nom. *Dunn* v. *Burlington,* 326 U. S. 739. The vote was to rezone as a general business district "the whole or any part of land bounded and described in Article 107 of the Warrant." This is to be construed as rezoning the whole and *all* parts of the parcel described. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 597–598.

The record does not show that this was spot zoning. The triangle rezoned lay between two public ways. The opposite triangle, formed by the intersection of Middlesex Turnpike and Water Street (a continuation of Lake Street), was zoned for general business. Furthermore, the same warrant contained a proposal to rezone as a general business area the parcel bounded by Middlesex Turnpike, Nuttings Lake and Water Street, just across the Turnpike to the west of the locus. This rezoning was voted at an adjourned session on April 2, 1960. All things considered, the change appears to have been within the broad power of the municipality. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220. That the proposal for the change

was motivated by Nuttings' desire to continue its café business at the site does not establish invalidity in the adopting vote. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 595–596. *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410, 412. *Elmer* v. *Board of Zoning Adjustment of Boston,* 343 Mass. 24, 37.

The reclassification of Nuttings' land as general business permitted the use of a building thereon for "Restaurant, dining room or lunch room" (§ 3.5). Thereafter nothing in § 12 (3) expressly barred the rebuilding of a nonconforming building for café use or required the consent of the board of appeals for reconstruction of a nonconforming structure. But by the stipulation recorded in the decree of November 24, 1959, the defendants agreed with five of the present plaintiffs not to "rebuild nor remodel a café building" on the site. This undertaking, although unrestricted in express terms, may be limited by the nature of the proceeding, and the intent of the decree that records it. It may also be affected by attendant circumstances not disclosed in this record. In any event it was effective as an agreement by Nuttings that the destroyed structure no longer could be rebuilt for café purposes as a nonconforming use.

Nuttings' lot is so small that the only recourse under the by-law, there being no right to restore for café use the nonconforming structure as such, was an application for a variance.[6] With a valid variance the structure would be conforming.

The appeal to the board of appeals of April 20, 1960, included a request for a variance. In this aspect it was not subject to G. L. c. 40A, § 20. As stated, had Nuttings been free to reconstruct the nonconforming building, it did not need a special permit. The application which the board

[6] The zoning by-law provides in § 10 (5): "In General Business Districts and in Neighborhood Business Districts, twenty-five thousand . . . square feet minimum area per lot . . . shall be required." Obviously, the entire rezoned area even including the land of the other owner (a total of 15,536 square feet) is such that except for a variance, not even the entire parcel may be used.

had denied on February 26, 1959, was an application for a special permit. The denial of that application did not bar application in 1960 for a variance.

There has been no finding in the Superior Court whether the requirements for a variance have been met. *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 457–458. This issue must be heard and determined in the Superior Court in the light of this opinion.[7] For purposes of that hearing the parties are not to be limited to the agreed facts which relate in substantial part to the issue whether the nonconforming structure could be rebuilt. In particular, on rehearing, the stipulation must be construed and its effect determined. Whether the applicants have shown statutory hardship may depend upon the construction.

3. The case is remanded to the Superior Court for a further hearing and determination in accordance with this opinion.

*So ordered.*

---

[7] Nuttings of course acquired no right by building after the variance was granted and before the appeal was disposed of. The special aspect of the locus in that there had been a nonconforming business use of it for many years is a relevant circumstance. *Tanzilli* v. *Casassa,* 324 Mass. 113, 117. *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 412–413. The intent of the town, shown by the amendment, to have some general business use on the rezoned area is also relevant, as is the general character of the neighborhood, including nonconforming and conforming uses. *Kairis* v. *Board of Appeal of Cambridge,* 337 Mass. 528, 531. *Cary* v. *Board of Appeals of Worcester,* 340 Mass. 748, 753. *Chater* v. *Board of Appeals of Milton,* 348 Mass. 237, 246.