WILLIAM C. BEARCE, trustee, *vs.* ZONING BOARD OF
APPEALS OF BROCKTON & others.

Plymouth. May 2, 1966. — July 22, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Equity Pleading and Practice,* Report of material facts, Appeal, Excep-
tions, Parties, Zoning appeal, Case stated. *Equity Jurisdiction,* Zoning.
*Jurisdiction,* Zoning. *Zoning,* Board of appeals: appeal to board, pow-
ers of board; Enforcement of zoning. *Mandamus.*

A judge who heard a suit in equity on statements of counsel treated as a
case stated was not required to make a report of material facts. [318]
The remedy for a refusal of the judge in a suit in equity to make a report
of material facts is a bill of exceptions, not an appeal. [318]
Where the plaintiff in a suit in equity by way of appeal under G. L. c. 40A,
§ 21, from a decision of a zoning board of appeals nullifying a building
permit issued for the plaintiff's land conveyed that land, but received
from his grantee an option for a reconveyance, the plaintiff retained
sufficient equitable interest in the land to press the suit and it was
proper to deny a motion to dismiss it. [319]
A neighbor of land for which a building permit had been issued had stand-
ing to appeal from its issuance to the zoning board of appeals under
G. L. c. 40A, § 13, on the alleged ground that the permit was issued in
violation of the local zoning ordinance. [319]
On appeal under G. L. c. 40A, § 13, to the zoning board of appeals of a
city from the issuance of a building permit, the board had no power
under § 13 and § 15 to nullify the permit on the ground that an amend-
ment of the zoning ordinance on the basis of which the permit had been
issued was invalid. [319–320]
Mandamus is a proper remedy for a neighbor of a parcel of land to
pursue to attack the validity of a local zoning amendment on the basis
of which a building permit for that parcel has been issued. [320]
A suit in equity by way of appeal under G. L. c. 40A, § 21, from a deci-
sion of a zoning board of appeals cannot be entertained, even on a case
stated, unless compliance with the jurisdictional requirement of season-
able notice to the municipal clerk of the filing of the bill is shown.
[320]

BILL IN EQUITY filed in the Superior Court on November 5,
1964.

The suit was heard on the merits by *DeSaulnier, J.* A
subsequent motion to dismiss was heard by *Pillsbury, J.,*
after a report by a master.

*Walter G. Cogan* for the defendants.

*Cortland A. Mathers* for the plaintiff.

REARDON, J. This is an appeal arising from interlocu-
tory and final decrees in a bill in equity filed under the pro-
visions of G. L. c. 40A, § 21, as amended. The first of the
final decrees held that the defendant board exceeded its
authority in voting to revoke a certain building permit and
declared the building permit to be in full force and effect.
Following the entry of this decree a motion to dismiss the
bill was filed by the defendants on the ground that the plain-
tiff had conveyed the land involved to another person and
had "no remaining title or interest in any of the said locus
or in this suit." This matter was referred to a master who
filed a report which was the basis of a second final decree
denying the motion to dismiss. The defendants also ap-
pealed from the trial judge's order denying their request
for a report of material facts. The matter was heard by
the trial judge on statements of counsel and there was no
dispute on the facts. In his order denying the request for
a report of material facts, the judge stated that he had
treated the presentations of counsel "as a case stated."
The facts are as follow.

The locus is a seven acre portion of a thirty-three acre
area in Brockton which was converted from a residential to
an industrial zone by two amendments to the Brockton zon-
ing law which were passed in 1957 and 1960 respectively.
Subsequent to that time the locus was purchased by a new
owner who applied to the city superintendent of buildings
on July 14, 1964, for a building permit. On the same day,
after a check of the use district map and the 1957 and 1960
amendments, a permit was granted by the superintendent.
An appeal from the issuance of the building permit was
taken to the zoning board of appeals under G. L. c. 40A,
§ 13, by neighbors on whose behalf at a hearing before the
board on September 8, 1964, it was claimed that the two

amendments were invalid as spot zoning. It was alleged that at least a portion of the rezoning was undertaken to permit the construction of a one story office building by the previous owner which was never constructed. The board was apprised of the proximity of a junior high school, housing for the elderly, and the nature of the neighborhood, and also that litigation concerning the rezoning of the locus was at that time in the courts. On October 13, 1964, by the board's unanimous vote, the building permit was "revoked on the grounds that the original zoning change as adopted by the City Council on November 28, 1960, is improper and illegal and is not based upon the statutory prerequisite for changes in zoning."

Subsequent to the action by the board, a petition for a writ of mandamus attacking the legality of the zoning amendments was heard before a judge of the Superior Court sitting in Plymouth County. The record does not indicate that this case has been decided. Thereafter, on December 8, 1964, the plaintiff's appeal from the order of the board revoking the permit was heard in the Superior Court in Plymouth County. It was argued by the plaintiff, and ruled by the court, that in revoking the permit on the ground that the zoning ordinance was invalid the board had exceeded its authority. We have before us the transcript of the hearing before the board, the transcript of the hearing in the Superior Court on the board's ruling, and the master's report on the motion to dismiss.

1. There was no error by the judge in declining to make a report of material facts. The judge took the matter on the basis of a case stated and there was no dispute on the facts. In the absence of controverted facts he was under no obligation to file a report. *Montgomery* v. *Richards,* 275 Mass. 553, 554–555. It may be further stated that the appropriate remedy for the defendants on the judge's refusal to file a report of material facts was by way of exceptions and not by a claim of appeal. *Bolster* v. *Attorney Gen.* 306 Mass. 387, 388–389. *Vergnani* v. *Vergnani,* 321 Mass. 699, 701.

2.  There was no error in denying the defendants' motion to dismiss the plaintiff's bill. The report of the master indicated that the plaintiff had a written agreement with his grantee for a three year option to obtain a reconveyance on certain conditions. The existence of this option leaves the plaintiff a sufficient equitable interest to permit him to maintain this action. *Sullivan* v. *Secretary of the Commonwealth,* 233 Mass. 543, 546. *Ballard* v. *Maguire,* 317 Mass. 130, 131–132. *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 111. See *Orient Realty Co. Inc.* v. *Assad,* 350 Mass. 764.

3.  The Superior Court treated the issue on the basis of a "case stated." See *Frati* v. *Jannini,* 226 Mass. 430, 430–431; G. L. c. 231, § 126. There is no question that the decision of the superintendent of buildings to issue the permit is reviewable by the board of appeals under G. L. c. 40A, § 13: "An appeal to the board of appeals . . . may be taken . . . by any person aggrieved by any order or decision of the inspector of buildings or any other administrative official in violation of any provision of this chapter or any ordinance or by law adopted thereunder." *Colabufalo* v. *Board of Appeal of Newton,* 336 Mass. 213, 216–217. See *Gamer* v. *Zoning Bd. of Appeals of Newton,* 346 Mass. 648, 649. The principal question here is whether the board was within its authority in revoking the building permit on the ground that the zoning amendments, upon which the superintendent relied prior to issuing the permit, were improper and illegal. The judge rightly based his decree on a consideration of the scope of the board's review over the actions of the superintendent. The superintendent's power to withhold a permit was carefully delineated in G. L. c. 40A, § 12. There is no claim that he did not comply with that section. The powers of the board of appeals are set out in G. L. c. 40A, §§ 13 and 15. They do not include the power to nullify acts of the local legislative body which is charged under G. L. c. 40A, § 6, with the adoption and amendment of zoning ordinances. (See also c. 40A, § 7.) The trial judge was correct in declining to accept a statu-

tory interpretation which would have given the board a power to assess the validity of the 1957 or 1960 amendments. The proper method of challenging that validity lay in the mandamus action which so far as the record discloses is still before the Superior Court. *Sunderland* v. *Building Inspector of North Andover,* 328 Mass. 638, 639–640. *Gamer* v. *Zoning Bd. of Appeals of Newton,* 346 Mass. 648, 649. It may be added that as a practical matter were the contention of the board correct on this issue great confusion would result sufficient to cause extensive damage to the theory and practice of the zoning law.

4. At the hearing before the trial judge counsel for the defendants noted that the plaintiff's affidavit did not indicate a return of service of the bill on the city clerk of Brockton, and alleged, therefore, that the court had no jurisdiction to hear the matter. Counsel for the plaintiff alleged that he was certain that the city clerk had been served, to which the defendants' counsel stated, "If he did it, Your Honor, I would have no objection to his amending." After some further colloquy in which the plaintiff's counsel again asserted that he had made service, the court proceeded to take evidence on the apparent assumption that the problem presented by the deficient affidavit had been resolved. There was no further discussion about it during the presentation to the trial judge and it was not raised again until the case reached us.

In their brief the defendants now rely upon *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418. The question of jurisdiction is, of course, of considerable importance. That this case was taken by the court as a case stated does not relieve the plaintiff of the duty to show that the court has jurisdiction. *Hull* v. *Adams,* 286 Mass. 329, 333. "Jurisdiction depends on the fact of the notice, not on whether it was pleaded. If given . . . but not set out in the pleadings . . . through inadvertence, manifestly an appropriate occasion would be presented for allowance of an amendment of the bill . . . ." *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745. As the record now stands,

there is no indication that required service on the city clerk was made, and it is not entirely clear whether, after the colloquy referred to above, it was incumbent upon the plaintiff's counsel to amend the pleadings or submit an affidavit of service on the city clerk. *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 468. In any event, the application for a permit by the plaintiff may not be denied on the ground cited in the board's vote of October 13, 1964.

In view of the absence of a clear indication of compliance by the plaintiff with G. L. c. 40A, § 21 (see *Seder* v. *Kozlowski,* 304 Mass. 367, 370–371, and G. L. c. 231, §§ 51, 125 and 144), the rescript will provide that if the plaintiff amends his affidavit to indicate service upon the city clerk in accordance with G. L. c. 40A, § 21, within thirty days after rescript then the interlocutory and final decrees are affirmed. Otherwise the several decrees are to be reversed and a new final decree is to be entered dismissing the plaintiff's bill.

*So ordered.*