Kottmyer, J.
I. Introduction
This case is before the court on defendant City of Lynn’s (“the City” or “Lynn”) Motion for Summary Judgment. Plaintiffs, Salvatore and Nancy Vigorito brought this action seeking, among other things, a declaration that a Lynn City Council’s amendment of the City Zoning Ordinance was invalid “spot zoning.” Lynn seeks summary judgment on the grounds that plaintiffs failed to exhaust their administrative remedies as required for a declaratory relief action under G.L.c. 231A. For the reasons that follow, Lynn’s Motion for Summary Judgment is ALLOWED.
II. Relevant Facts
The Court has reviewed plaintiffs’ Verified Complaint and the parties’ submissions supporting and opposing this motion.[1] The pertinent facts viewed in the light most favorable to the plaintiffs are as follows.
In January 1995, defendant Richmond Company (“Richmond”) initiated plans to develop a parcel of land located in Lynn into a supermarket. The parcel consisted of eleven separate lots each of which Richmond allegedly intended to purchase for the development. Plaintiffs own two of the eleven lots. At that time at least eight of the lots, including those belonging to plaintiffs, were zoned “Apartment House District Class 2.”
In March 1995, several properly owners filed a Rezoning Petition with the Lynn Planning Board asking that it approve an amendment to the City Zoning Ordinance extending a nearby business district to include all the lots slated for development. The Planning Board conducted a hearing on the Rezoning Petition and thereafter voted unanimously to recommend that the Ciiy Council enact the proposed amendment.
In April or May of 1995, the Lynn City Council held a public hearing on and voted to enact the Rezoning Petition.[2] When no appeals were filed within twenty days, the zoning amendment went into effect. Thereafter Richmond applied for a special permit for construction of the supermarket. A public hearing was held regarding this special permit and the City Council, in its capacity as a permit granting authority, voted to grant the permit. Again, no appeals were filed within twenty days of the action.
On April 10, 1995, Richmond had entered into an agreement to purchase plaintiffs’ lots for $475,000.00 and the plaintiffs had agreed not to oppose the zoning amendment and application for a special permit. Pursuant to their agreement with Richmond the plaintiffs did not oppose either the amendment or the issuance of the special permit and did not appeal the grant of *366 the special permit. On July 8, 1996, after the sale of their lots fell through, the plaintiffs brought this action against Richmond and the City. Claims asserted against Richmond include breach of contract, fraudulent inducement, misrepresentation and violations of Chapter 93A. Among other remedies, plaintiffs seek specific performance of the purchase and sale agreement. Plaintiffs also brought a claim for a declaratory judgment against the City attacking the validity of the zoning amendment. That claim is the subject of this motion.
III. Discussion
Plaintiffs brought this claim seeking declaratory relief under G.L.c. 231A, §1. They ask the court to declare that the zoning amendment redesignating their lots is invalid under the United States Constitution and Laws of the Commonwealth as “spot zoning.” Under Chapter 231 A, plaintiffs generally are required to exhaust administrative remedies available to them before resorting to Superior Court for review. Kelleher v. Personnel Adm’r of Dept. of Personnel Admin., 421 Mass. 382, 384 (1995); Goldman v. Planning Bd. of Burlington, 347 Mass. 320, 326 (1964); and Martin v. Building Inspector of Freetown, 38 Mass.App.Ct. 509, 510 (1995). See also, Massachusetts Zoning Manual, (Martin Healy, ed., Supp. 1995), §14.06 at 14-8. Lynn argues that plaintiffs’ remedies lie under Sections 17 and 8IBB. Because plaintiffs failed to exhaust these remedies and appeal the decision within the prescribed twenty day period, defendant asserts that Superior Court lacks jurisdiction to hear plaintiffs’ claim.
It is undisputed that the action which forms the basis of plaintiffs’ complaint is Lynn’s enactment of the amendment to the zoning ordinance, an action taken in the Cily Council’s role as a legislative body rather than as a permit granting authority. The power of the local boards of appeal is limited and does not include the power to review the validity of legislative action. G.L.c. 40A, §14;[3] Bearce v. Zoning Board of Appeals of Brockton, 351 Mass. 316, 319-20 (1966). Because plaintiffs are challenging the validity of a legislative enactment, the local board of appeals had no power to review plaintiffs’ claim and plaintiffs, therefore, had no such remedy to exhaust. Compare Iodice v. City of Newton, 397 Mass. 329, 334 (1986).
In Bearce, the Supreme Judicial Court indicates that the proper method for challenging the validity of legislative action is a mandamus action pursuant to G.L.c. 249, §5. Bearce, supra, 351 Mass. at 320. The Superior Court has jurisdiction over such actions under G.L.c. 249, §5. Plaintiffs have proceeded pursuant to the Declaratory Judgment Act. Further, before filing this action, they did not seek relief from the enforcing authority. Absent other considerations, the Court would grant the motion for summary judgment without prejudice to the plaintiffs filing an action under G.L.c. 249, §5. Based on the facts set forth in the verified complaint, however, it is clear that the Court would not exercise its discretion to issue a mandamus in this matter and the Court is therefore granting the defendant’s motion for summary judgment with prejudice. See Bass River Lobsters, Inc. v. Smith, 7 Mass.App.Ct. 197 (1979) (motion to amend properly denied on ground that amended complaint would fail to state a claim on which relief may be granted). Although an action for a writ of mandamus is an action at law, issuance of the writ is discretionary. “Since the action [for mandamus] is of equitable origin, all issues of law and discretion are open for [the court’s] consideration ...” Lutheran Services Association of New England, Inc. v. Metropolitan District Commission, 397 Mass. 341, 345 (1986).
The record is clear that the Vigoritos were aware of and elected not to participate in the political process which resulted in the rezoning amendment and the issuance of the special permit. They allege that they did not participate because they had an agreement with Richmond and because misrepresentations were made by Richmond that Richmond would purchase their lots for $475,000.00 if the lots were rezoned and the permit granted. They allege that Richmond breached its agreement by terminating the agreement and attempting to renegotiate the purchase price after it obtained the special permit.
The essence of plaintiffs’ claim in this case is not that the lots were rezoned, but that they did not receive the benefit of the bargain they made with Richmond and were treated unfairly by Richmond. Plaintiffs remedies for the alleged breach and misrepresentation lie in contract and tort against Richmond. Based on this record, it is clear that plaintiffs would not hesitate to abandon their challenge to the validity of the zoning amendment if their claims against Richmond were resolved to their satisfaction.
The object of an action for mandamus in this case would not be the vindication of the public interest in invalidating spot-zoning. “[T]he writ of mandamus is an extraordinary remedy granted only to prevent a failure of justice and in instances where there is no other adequate and effectual remedy.” Coach & Six Restaurant, Inc. v. Public Works Commission, 363 Mass. 643, 644 (1973). The Court will not exercise its discretionary power to issue writs of mandamus to remedy private wrongs where plaintiffs have adequate alternate remedies which they are pursuing in this lawsuit.
ORDER
For the foregoing reasons it is hereby ORDERED that Defendant Lynn’s Motion for Summary Judgment (Docket N. 13) is ALLOWED with prejudice and judgment shall enter in favor of the City of Lynn on Count I.

The plaintiffs also filed an amended complaint which was not verified. For purposes of this summary judgment motion, the Court treats the original verified complaint as an affidavit.

In their sworn submissions the parties state different dates for the actions taken. The exact dates are unimportant since it is undisputed both that plaintiffs did not appeal any decision to an administrative agency and that they filed this claim at least one year after the action about which they complain was taken.

In relevant part, G.L.c. 40A, §14 (1994) provides that a board of appeals shall have the following powers:
(1) To hear and decide appeals in accordance with Section eight.
(2) To hear and decide applications for special permits upon which the board is empowered to act under said ordinance or by laws.
(3) To hear and decide petitions for variances as set forth in Section ten.
(4) To hear and decide appeals from decisions of a zoning administrator, if any in accordance with Section thirteen and this section.