HERBERT McLAUGHLIN & others *vs.* ROCKLAND ZONING
BOARD OF APPEALS & another.

Plymouth.   December 28, 1966. — February 6, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Equity Pleading and Practice*, Zoning appeal, Amendment. *Zoning*, Variance.

The Superior Court was not deprived of jurisdiction of a suit in equity under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by way of appeal from a decision of a zoning board of appeals by the fact that no express notice of the filing of the bill was given to the town clerk,

where it appeared that a copy of the bill was filed in his office within the prescribed twenty days after the filing of the decision there.   [680]

Where it appeared in a suit in equity under G. L. c. 40A, § 21, as amended through St. 1960, c. 365, by way of appeal from a decision of a zoning board of appeals granting a variance, brought by persons other than the original applicant to the board, that the bill failed to name him as a party and he was not sent the notice of the filing of the bill seasonably sent to the members of the board, that the plaintiffs filed an affidavit of notice to the members of the board within the prescribed twenty-one days after the entry of the bill, that six days after the filing of that affidavit, although more than twenty-one days after the entry of the bill, the original applicant filed a special appearance solely for the "purpose of challenging the jurisdiction" of the court, and that five days later the plaintiffs moved to add him as a party and for an order of notice for personal service upon him, allowance of the motion was within the discretionary power of the court, and upon service on the original applicant in accordance with the order of the court it had jurisdiction of the suit.   [683]

The expense of razing certain buildings once used as a dairy plant constituting a nonconforming use in a residential zoning district and the loss of the opportunity to sell the property for business use did not establish the "substantial hardship, financial or otherwise," required under G. L. c. 40A, § 15, for the granting of a zoning variance, and a variance purportedly permitting use of the buildings for an electric motor repair and sales business was invalid.   [683]

BILL IN EQUITY filed in the Superior Court on October 2, 1964.

A motion to add Arthur V. Blanchard, Jr., as a defendant and for notice to him was heard and allowed by *Vallely, J.* Blanchard appealed from a final decree annulling a decision of the defendant board entered after hearing by *Brogna, J.*

*William J. Cantelmo,* for the defendant Arthur V. Blanchard, Jr., submitted a brief.

No argument or brief for the plaintiffs.

WHITTEMORE, J.   1.   The decision of the board of appeals of Rockland granting a variance, dated September 10, 1964, was filed with the town clerk on September 14, 1964. The bill in equity constituting the appeal from that decision to the Superior Court was filed in the clerk's office on October 2, 1964, and a copy of the bill was filed with the town clerk on the same day.   The town clerk did not receive any writing expressly stating that the bill had been filed in the

Superior Court. The judge ruled that the filing of the bill complied with the statutory requirements for notice to the town clerk. Section 21 of G. L. c. 40A provides for taking the appeal ''by filing a bill in equity within twenty days after the decision has been filed in the office of the city or town clerk. Notice of the filing with a copy of the bill in equity shall be given to such city or town clerk so as to be received within such twenty days.'' These requirements are jurisdictional. *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467, and cases cited. *Greeley* v. *Zoning Bd. of Appeals of Framingham,* 350 Mass. 549, 552.

The purpose of the requirement of the filing with the town clerk is to give interested persons ''at least constructive notice of the appeal.'' *Carey* v. *Planning Bd. of Revere,* 335 Mass. 740, 745. We think this purpose was adequately served by the filing of the copy of the bill. Giving notice of the filing in the Superior Court is certainly most appropriately (whether or not necessarily) done after the filing in the Superior Court has occurred. In view of the statutory requirement, filing the copy of the bill with the town clerk was in effect an assertion that the bill had been filed. Jurisdiction did not turn on the absence of a record in the town clerk's office of the date of the filing in the Superior Court. The records in the town clerk's office disclosed that the filing there of the copy of the bill was within twenty days of the board's decision. This, with the implied representation that the original had already been filed in court, disclosed a timely appeal. The judge's ruling was right.

2. The bill of complaint failed to name as a party the original applicant for the variance, Arthur V. Blanchard, Jr. Hence the notice to the defendants, given under § 21 within fourteen days after the filing of the bill (on October 14, 1964), was not sent to Blanchard. The fourteen days for giving notice expired on October 16, 1964. The plaintiffs, having twenty-one days after the entry of the bill to do so, made timely filing of the affidavit of notice on October 22. On October 28, 1964, Blanchard filed a special appearance

"without waiving any rights and without submitting to the jurisdiction of the Court," and appeared solely for the "purpose of challenging the jurisdiction" on the following grounds: (1) the bill did not contain the names and addresses of the members of the board of appeals; (2) Blanchard was not named as a party; and (3) the affidavit was defective in not asserting notice to him, "nor did he receive a copy of the bill." The plaintiffs on November 2, 1964, moved to add Blanchard as a party and for an order of notice for personal service. This motion was allowed on November 23, and service was made by registered mail in accordance with the court's order. Various motions to dismiss filed by Blanchard were denied. The judge who heard the appeal ruled that, in view of the motion to amend and the supplemental notice to Blanchard, there had been compliance with the procedural aspects of c. 40A, § 21.

The statute is in terms mandatory. The original applicant "shall be named" as a party. The plaintiff "shall" give notice of the filing of the bill "to all respondents" and "shall within twenty-one days after the entry of the bill file . . . an affidavit that such notice has been given. If no such affidavit is filed within such time the bill shall be dismissed."

In the *Halko* case, 349 Mass. 465, at 468, in the course of holding that the absence of addresses was not jurisdictional,[1] we said, "The critical date is the expiration of . . . [the twenty-one days after the filing of the bill] for the statute expressly provides for dismissal if 'no such affidavit is filed within such time.'" In *Muldoon* v. *Board of Appeals of Watertown, post,* 702, we held that the dismissal of the bill was in accordance with § 21, noting that the bill failed to name the original applicant, the affidavit failed to show service on him, and the defects had been called to the attention of the court in a "motion to intervene" filed by the original applicant more than a year after the filing of the bill. We held that the applicant, by the

---

[1] Blanchard's brief does not contend otherwise.

motion to intervene, the purpose of which was "to oppose the appeal" because of the absence of notice to and service upon him, did not waive the right to ask for a dismissal under the statute. Now presented is the issue whether, notwithstanding the statutory language, the court has discretion to allow amendments to cure a defect in parties and hence in service and in the affidavit.

Prior to St. 1960, c. 365, the statutory provision for taking an appeal to the Superior Court was simple. Section 21, as amended through St. 1958, c. 175,[2] specified only the time within which an appeal must be taken and notice thereof given to the city or town clerk. Under that statute, and earlier statutes, if the original applicant was not the plaintiff and was not named a defendant, he was allowed to intervene. *Stark* v. *Board of Appeals of Quincy,* 341 Mass. 118, 119. Statute 1960, c. 365, amending § 21, expressly declared that the provisions for service by mail were to "avoid delay." We think that that is an important purpose underlying the entire statute. If the Superior Court, because of defects in parties or notice or affidavit, is to fail to acquire, or is to lose, jurisdiction over timely appeals from decisions of boards of appeals, the issue in litigation will, in the many cases in which mandamus will lie (*Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 521–522), remain an unresolved but litigable issue and the purpose of prompt decision of a matter of general municipal concern will be subverted. We believe the Legislature, in setting out a precise procedure for expediting appeals, for giving notice to those principally concerned, and for recording that the required steps have been taken, did not intend such a result. We think the Legislature, with an intent of expedition, did not intend to create a series of procedural barriers reminiscent of an earlier age of the law.

---

[2] "Any person aggrieved by a decision of a board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within twenty days after such decision has been filed in the office of the city or town clerk. Notice of such appeal shall be given to such city or town clerk so as to be received within such twenty days."

We conclude that the statute does not deprive the court of amending power in respect of timely appeals. The issue is not presented of the effect of a failure to file any affidavit within the time provided. Of course, where there is substantial delay or inaction as in the *Muldoon* case, *supra,* the aim and the language of the statute make emphatic the propriety of dismissal of the appeal notwithstanding the filing of a defective affidavit within the prescribed time. In the present case, however, the motion to add the applicant as a party was filed at such a time that no material delay in prosecuting the appeal should have resulted. We rule that the allowance of the motion was within the power and the wise discretion of the Superior Court. See, for recent cases holding that various deficiencies in compliance with G. L. c. 40A, § 21, do not defeat the jurisdiction of the Superior Court, provided the appeals are timely, *Halko* v. *Board of Appeals of Billerica,* 349 Mass. 465, 467; *Opie* v. *Board of Appeals of Groton,* 349 Mass. 730, 733; *Richardson* v. *Zoning Bd. of Appeals of Framingham, ante,* 375.

3. The variance purported to permit certain buildings in a residence district, once used as a dairy plant, to be used for an electric motor repair and sales business. The dairy had been a nonconforming use. The judge found that the locality is primarily residential and the land is especially well adapted for the construction of a residence. He ruled that the expense of razing the buildings and the loss of the opportunity to sell the property for business use did not establish hardship under G. L. c. 40A, § 15. This ruling was right. See *Bruzzese* v. *Board of Appeals of Hingham,* 343 Mass. 421, 424. The loss of the advantages of a nonconforming use, when that use ends, is not "substantial hardship, financial or otherwise" within the statute. The judge also noted that the proposed use is so substantially different from the nonconforming use that it could not be considered as a substitution allowable under the nonconforming use provisions of the by-law.

*Final decree affirmed.*