Greenberg, J.
This report presents the question of whether the plaintiffs failure to comply with certain aspects of the procedural scheme of the zoning law, specifically, the requirements of M.G.L.c. 40A, §17 mandating the attachment to the complaint of a copy of the decision appealed from and the sending of written notice to all defendants on a timely basis, calls for dismissal of the appeal. A district court judge, acting on the defendant’s Motion to Dismiss pursuant to Mass. R. Civ. P., Rule 12 (b) (6), agreed and dismissed the complaint. The defendant claimed a timely report to this Division. As far as here pertinent, § 17 states:
“(A)ny person aggrieved by the decision of the Board of Appeals.. .may appeal... by bringing the action within twenty days after the decision has been filed in the office of the city or town clerk.. .There shall be attached to the complaint a copy of the decision appealed from, bearing the date of filing thereof, certified by the city or town clerk with whom the decision was filed.. .To avoid delay in the proceedings, instead of the usual service of process, the plaintiff shall, within fourteen days after the filing of the complaint, send written notice thereof, with a copy of the complaint, by delivery or certified mail to all defendants, including the members of the Board of Appeals or special permit granting authority and shall within twenty-one days after the entry of the complaint, file with the clerk of the court an affidavit that such notice has been given. If no such affidavit is filed within such time, the complaint shall be dismissed... ,”[2]
In this action, the Upton Planning Board sought to annul the decision of the Upton Zoning Board of Appeals which granted a variance to Thomas B. and Pamela J. Stockwell allowing them to construct a residence on a two-acre parcel of land in Upton. The Board of Appeals granted the variance, filing its decision on March 5, 1981. The plaintiffs, Upton Planning Board, appealed this decision by commencing a civil action in the Third District Court of Southern Worcester[3] on March 25, 1981 and by leaving a *35 copy of the complaint with the Upton Town Clerk on the same day. A copy of the decision of the Upton Zoning Board of Appeals was not attached to the complaint which was filed with the court. On April 10, 1981 (16 days after the filing of the complaint), the defendants Stock well received a copy of the complaint by certified mail. The copy of the complaint which they received had attached to it the decision of the Zoning Board of Appeals. On April 14 and 17, the remaining defendant members of the Zoning Board of Appeals received copies with identical attachments.
The District Court allowed the Motion to Dismiss for the following reasons:
The plaintiff, the Upton Planning Board, did not send notice of the filing of the complaint to the defendants as required by G.L. (Ter.Ed.)c. 40A, §17, but merely mailed copies of the complaint to the defendants. The affidavit filed in behalf of the plaintiff[4] does not set forth that notice of the filing of the complaint was given to the defendants, but sets forth only that copies of the complaint were mailed to the defendants. Therefore, the defendants did not receive proper service of process.
Furthermore, a copy of the decision appealed from bearing the date of filing thereof, certified by the Town Clerk with whom the decision was filed, was not in fact attached to the complaint filed with the court. Therefore, the complaint fails to state a claim upon which relief can be granted.
The question we are called upon to decide is whether either of these omissions justifies dismissal of the action, apparently, as a matter of law. We think a negative answer is appropriate and that the trial judge was in error.
It was held under prior versions of § 17 (not differing materially for the present purpose from the case considered) that timely commencement of the action in the Superior Court was a condition of maintaining it. Lane v. Selectmen of Great Barrington, 352 Mass. 523, 226 N.E. 2d 238 (1967). Halko v. Board of Appeals of Billerica 349 Mass. 465, 467, 209 N.E.2d 323 (1965). This is explained on grounds similar to those supporting a statute of limitations. See Schulte v. Director of the Division of Employment Security, 369 Mass. 74, 337 N.E.2d 677 (1975). It has also been held a condition that notice of the commencement of the action be timely filed (within the same twenty days from the filing of the decision of the board of appeals) with the town or city clerk. Bjorklund v. Zoning Board of Appeals of Marshfield, 353 Mass. 757, 231 N.E. 2d 365 (1967); McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678, 680, 223 N.E. 2d 521 (1967); Lincoln v. Board of Appeals of Framingham, 346 Mass. 418, 193 N.E.2d 590 (1963). This requirement insures that the clerk's office will be able to furnish constructive notice to interested persons that a decision of the board of appeals has been challenged and is subject to judicial review.
But in this case the plaintiff complied with both of these essential requisites. What is complained of, the late service on the defendants, has always been, at most, left to the trial judge's discretion, rather than fatal to the jurisdiction of the action. See Pierce v. Board of Appeals of Carver, 369 Mass. 804, 343 N.E.2d 412 (1976). There has always been recognized a different “approach to the carrying out of the later steps of an action which has been timely commenced and timely recorded in the town clerk’s office.’’ Pierce v. Board of Appeals of Carver, cited on page 809. A suggestive discussion in McLaughlin v. Rockland Zoning Board of Appeals, 351 Mass. 678, 223 N.E.2d 521 (1967) ends with Justice Whittemore remarking, “(W)e think the Legislature, with an *36 intent of expedition, did not intend to create a series of procedural barriers reminiscent of an earlier age of the law,” at P. 682.
The defendant cites Shaughnessy v. Board of Appeals of Lexington, 357 Mass. 9, 255 N.E.2d. 367(1970) for the proposition that formal notice of the filing of the complaint pursuant to the statute is a jurisdictional requirement to the maintenance of the action. We do not agree. As pointed out in Pierce v. Board of Appeals of Carver, cited supra at page 810,.. .“(J)urisdiction” is used loosely here (as it has often been in this field of procedural regularity of appeals).”
It is clear, after the opinion in the Pierce case, that whatever ambiguity existed in the past precedents, lack of timely notice to the defendants may indeed result in dismissal of the action to review a board decision, e.g., only when prejudice to the defendant is shown, and in this much-qualified sense the defect may be thought of as “jurisdictional." But, in fact, the Shaughnessy case itself allowed late joinder of a member of the Board of Appeals as a defendant, there being no showing of prejudice.
The second omission complained of by the defendants is the plaintiff s failure to attach the decision to the complaint filed with the court. The trial judge held that the complaint was defective for failure to state a claim. This issue was litigated in Opie v. Board of Appeals of Groton, 349 Mass. 730, 212 N.E.2d 477 (1965). Here it was held that the failure to attach copies of the decision appealed from to the complaint served on the defendants was not fatal. In this case, defendant’s argument is that the complaint filed in court did not contain the decision of the Board of Appeals. We think to make a distinction requiring dismissal in this instance and not in the other is hypertechnical. Although the statute, by express terms, requires the decision to be attached, the omission of the attachment in no way defeats it as a matter of law. The purpose of the requirement is to give all defendants full knowledge of the proceeding against them. But, as in the Opie case, if the complaint expressly informed the defendants that the decision was the decision of the defendant board of appeals dated March 5, 1981 and filed with the Town Clerk on March 25 to grant the defendants Stockwell a variance to construct a residence on a two-acre parcel of land in Upton the circumstances would not create an essential deficiency, which would require a dismissal of the complaint as a matter of law.[5]
There being prejudicial error in the court’s action in allowing defendant’s Motion to Dismiss, as a matter of law, we remand it to the trial judge for such further consideration and action as is consistent with this opinion.

 This section was added by amendment St. 1974, c. 78, §1 and c. 40A was rewritten by St. 1975, c. 808, §3. Section 17 of the new c. 40A corresponds to the previous Section 17.

 Under G.L.c. 40A, §17 as amended by St. 1978, c. 468, §32, there is concurrent jurisdiction in the District Court and Superior Court Departments to hear zoning cases. Where there is concurrent jurisdiction and no right of appeal to a trial de novo in the Superior Court Department, the normal method of review is by a Report to the Appellate Division. However, there is uncertainty in the last sentence of G.L.c. 40A, § 17, Par.2, which implies *35 that the right of appeal is exclusively to the Appeals Court. This issue has not been raised in the Report by the parties and has recently been subjected to a length) opinion in another Appellate Divison of the District Courts. See Walker, Trustee v. Board of Appeals of Harwich, et al., 1982 Appellate Division of the Southern District. Pg._(No. 289).

 Although not included within the report, we inferthat the affidavit leferred to by the trial judge, is the required affidavit of notice mandated by the second paragraph of §17.

 A full copy of the complaint was not included in this Report.