NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1227                                        Appeals Court


311 WEST BROADWAY LLC  vs. ZONING BOARD OF APPEAL OF BOSTON &
others.[1]


No. 15-P-1227.

Suffolk.     May 13, 2016. - August 23, 2016.

Present:  Katzmann, Carhart, & Sullivan, JJ.


Zoning, Variance, Appeal, Jurisdiction.  Jurisdiction, Superior
     Court, Zoning.  Superior Court, Jurisdiction.



     Civil action commenced in the Superior Court Department on
June 13, 2013.

     A motion to dismiss was heard by Brian A. Davis, J., and a
motion to file an amended complaint was also heard by him.

     Edward J. Lonergan for 311 West Broadway LLC.
     Kate Moran Carter for Bromfield Development LLC.
     Adam Cederbaum for zoning board of appeal of Boston.


     KATZMANN, J.  The plaintiff, 311 West Broadway, LLC (311

West Broadway), appeals from a judgment of the Superior Court

dismissing its pending appeal pursuant to the Boston zoning

_____

     [1] Bromfield Development, LLC, and Timothy Johnson.

enabling act, St. 1956, c. 665, § 11, as amended through St. 1993, c. 461, § 5 (zoning act), from a decision of the defendant zoning board of appeal of Boston (board) in favor of the defendant Bromfield Development, LLC (Bromfield), in the wake of a new decision issued by the board after an assented-to, judicially-ordered remand.  The Superior Court had gained jurisdiction when an appeal was filed from the initial decision of the board, the parties agreed after the filing of that appeal to a judicial remand, the order of remand created no scheduling deadlines for the parties, and the parties provided status reports to a judge regarding the proceedings before the board and the further Superior Court litigation that they contemplated following the board's new decision.  311 West Broadway did not file an appeal from the new decision of the board, and the question is whether the court was deprived of jurisdiction because a new appeal was required.  We conclude that, in the circumstances here, a new appeal was not required and the court was not divested of jurisdiction.  We reverse.

Background.[2]  311 West Broadway owns property at 311-313 West Broadway in the South Boston section of Boston that abuts property owned by Bromfield at 315-319 West Broadway.  Starting in 2012, Bromfield sought approval to change the occupancy of

_____

[2] Because this appeal presents a procedural question, we focus extensively on the procedural background necessary to understand the case in its current posture.

its property from a fitness center and private club to a fitness center, offices, and residential units, and to build a new four-story vertical addition over its existing one-story building along with new front, side, and rear decks and additional off-street parking.

In a zoning code refusal dated July 20, 2012, the inspectional services department of Boston (ISD) denied Bromfield's application, which was designated # ALT151390. Bromfield appealed to the board, which issued a decision in Bromfield's favor on May 21, 2013 (the 2013 decision), referencing application # ALT151390[3] and case number BZC-32279. The 2013 decision was filed with the ISD on June 12, 2013.

On June 13, 2013, 311 West Broadway appealed to the Superior Court pursuant to § 11 of the zoning act, which provides that "[a]ny person aggrieved by a decision of said board of appeal . . . may appeal to the superior court department of the trial court sitting in equity for the county of Suffolk . . . provided, however, that such appeal is filed . . . within twenty days after such decision is filed with the building commissioner."  Bromfield answered the complaint on August 30, 2013.  311 West Broadway served a motion for summary judgment on Bromfield and the board in May, 2014.

---

[3] Some pages of the 2013 decision list the application number as "ALT15390."  This appears to be a typographical error.

On June 25, 2014, Bromfield filed what it labeled as an "(Assented To) Emergency Motion to Remand," asserting that 311 West Broadway's "claims of improper procedures and challenges to the Zoning Relief [could] be redressed" with a new public hearing. The only party that had assented to the remand at that point, however, was the board. Bromfield's asserted emergency was that the deadline for its opposition to 311 West Broadway's motion for summary judgment (already previously extended twice) and the date for its deposition of 311 West Broadway were fast approaching.

311 West Broadway opposed the remand motion. It claimed, inter alia, that the motion was a dilatory maneuver by Bromfield and that, if any remand was allowed over its opposition, it should not be permitted to derail the Superior Court process. Specifically, 311 West Broadway requested that any remand be considered as a "stay" for a limited duration not to exceed four months, that the Superior Court retain jurisdiction, and that its motion for summary judgment not be deemed waived.

Apparently the parties then further discussed the possibility of remand. By June 27, all parties had signed off on Bromfield's "Re-Filed (Assented To) Motion to Remand." Whereas the proposed order attached to Bromfield's first remand motion had expressly provided that "[a]ny party aggrieved by the Board's decision after remand shall have 20 days to file an

amended complaint challenging the newly issued decision of the Board," the new proposed order eliminated that proviso, among others. 311 West Broadway contended below that the removal of this provision was the specific result of negotiation. A judge allowed the motion to remand on July 2, 2014, although the accompanying proposed order was never endorsed. Prior to the remand hearing before the board, Bromfield submitted an amended set of plans for its proposed development project but not a new permit application, and it did not submit the revised plans to the ISD.

The board conducted its hearing on remand on September 23, 2014, and voted in favor of Bromfield at the hearing. However, the board did not immediately issue a new written decision. Consequently, when the parties were before a Superior Court judge (status judge) for a status conference on December 1, 2014, it was clear that 311 West Broadway was going to remain aggrieved, but the written decision had yet to be issued.[4]

---

[4] The following exchange during the December 1 status conference between the status judge and counsel for 311 West Broadway is instructive:

The court: "[If the Board's decision] turns out in a fashion not favorable to the abutter, . . . we do round two."

Counsel: "Yes, Your Honor. And we know how it's going to turn out, because they took their vote."

The question of the postremand procedures that 311 West Broadway would need to pursue was discussed obliquely at this conference. Counsel for the board and the status judge engaged in the following exchange:

> Counsel: "[The board's filing of its decision with the commissioner of ISD] ordinarily triggers a 20-day period in which to appeal. So that would -- If it's the first time around, that's when the plaintiff would come in. I believe this Court has retained jurisdiction."
>
> The court: "Yeah."
>
> Counsel: "I don't know if the —-"
>
> The court: "Yeah."
>
> Counsel: "So it would be filed with the Commissioner of Inspectional Services. I don't know if we would say that that 20 days necessarily runs here and we know what the plaintiff is going to do."
>
> The court: "Yeah."

Counsel for 311 West Broadway explained to the status judge that he would not need time to assess the board's new decision and digest it because "we know exactly what's going to happen."

At the December 1 status conference, 311 West Broadway attempted to secure judicial assent to its plan to resume litigation immediately by taking up the summary judgment motion it had filed prior to remand. When the status judge suggested that the board's original decision -- on which 311 West Broadway was seeking summary judgment -- was now moot, 311 West Broadway responded that the decision had been modified but not

substantially and that it was the "same case." After some additional back and forth, the status judge told 311 West Broadway that he "can't accelerate and push a summary judgment to something for which there hasn't been a decision filed yet, so I really think we need to wait. I'm inclined to put it on the end of January. If you feel aggrieved that there should be some sort of an accelerated schedule of something, then you raise it at that time." Counsel for Bromfield, who was present, did not comment on any of the above.

The parties then agreed to a further status conference date of January 27, 2015. The status judge advised them to try to reach agreement on how to proceed before then but, if not, said they could raise any issue at the next date. The board issued its new decision on January 6, 2015 (2015 decision), referencing application # ALT151390, case no. BZC-32279, as well as the previous zoning code refusal on BZC-32279 that it annuls. The 2015 decision lists the differences between Bromfield's "initial proposal" or "initially approved proposal" and its "new development proposal" or "altered Project" in some detail. The differences include a decrease in the size of the vertical addition and removal of some proposed decking, a reduction in the number of residential units, and increased off-street parking.

The 2015 decision was filed with the ISD on January 7, 2015. The January 27 status conference date would therefore have fallen right at the tail end of the twenty-day period following that filing. However, Bromfield moved to postpone that status conference, and it was rescheduled to February 25, 2015.[5] On February 24, Bromfield filed an assented-to motion for a further postponement of the status conference to March 24, 2015.

Before the parties ever made it back into court, on March 15, 2015, Bromfield moved to dismiss for lack of subject matter jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1), 365 Mass. 754 (1974), contending that 311 West Broadway had failed to appeal the 2015 decision on what Bromfield characterized as a "new project" within the twenty-day statutory time frame. Bromfield contended that the 2015 decision was "unrelated" to the 2013 decision, which related to a "different project." The board joined Bromfield's motion to dismiss. On or around March 25, 2015, 311 West Broadway moved pursuant to Mass.R.Civ.P. 15, 365 Mass. 761 (1974), for permission to file an amended and verified complaint to update the record to reflect proceedings since remand.

---

[5] The basis for that postponement is not clear from the record.

Bromfield's motion to dismiss and 311 West Broadway's motion to amend the complaint came before a different judge (motion judge) from both the judge who ordered the remand and the judge who presided over the December status conference.  In an order dated May 12, 2015, the motion judge granted Bromfield's motion to dismiss on the ground that "in light of the plaintiff's failure to file a timely appeal after the board's decision on remand . . . the Superior Court lacked jurisdiction to entertain the plaintiff's appeal."[6,7]

Discussion.  We review the allowance of a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1) de novo.  Opare's Case, 77 Mass. App. Ct. 539, 541 (2010).  Because the question of subject matter jurisdiction goes to the power of the court to hear and decide the matter, we consider matters in the record outside the face of the complaint.  Ginther v. Commissioner of Ins., 427 Mass. 319, 322 n.6 (1998).  Although this matter arises under the Boston zoning act, in seeking to resolve the legal question posed, we are guided by cases decided

---

[6] The quotation is from an unpublished memorandum and order of this court issued pursuant to our rule 1:28.  Zitzkat v. Zoning Bd. of Appeals of Truro, 77 Mass. App. Ct. 1103 (2010).  While an unpublished summary decision may be consulted for persuasive value, it is not binding precedent.  Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).  The reasoning of the summary decision relied on by the motion judge does not control here.

[7] In that order, the judge also "simultaneously denied as moot" 311 West Broadway's motion to amend the complaint.

under the analogous provisions of G. L. c. 40A, § 17. See
Lapidus v. Board of Appeal of Boston, 51 Mass. App. Ct. 723, 727
(2001); Steamboat Realty, LLC v. Zoning Bd. of Appeal of Boston,
70 Mass. App. Ct. 601, 604 n.6 (2007).

The sole question for our consideration is whether the 2015
decision deprived the Superior Court of jurisdiction over the
ongoing dispute between the parties such that 311 West Broadway
was required to file a fresh appeal within twenty days of the
filing of that decision with the ISD to maintain its litigation
in that court. We conclude that, under the circumstances
present here, the Superior Court's jurisdiction did not expire
automatically by virtue of the issuance of the 2015 decision.
Consequently, the motion judge was not required to dismiss the
action as a matter of law and was, instead, free to consider 311
West Broadway's motion to amend its complaint in its previous
timely-filed appeal.

Bromfield and the board (collectively, defendants) assert
that the twenty-day framework in § 11 is jurisdictional and that
311 West Broadway's failure to comply deprived the Superior
Court of subject matter jurisdiction. Specifically, the
defendants contend that 311 West Broadway had to either file a
new appeal in Superior Court or move to amend its complaint
within twenty days of the filing of the 2015 decision with the
ISD. However, implicit in the concession that an amended

complaint would have satisfied § 11's jurisdictional requirement is a recognition that the original lawsuit was not rendered a nullity by the 2015 decision.

This is consistent with case law concerning amendments to complaints underlying zoning decision appeals, even in cases where amendment would allow otherwise time-barred action. "That the action before such an amendment was flawed does not necessarily preclude a curative amendment though the flaw is described as 'jurisdictional.' . . . [Our] cases evince a policy of broad powers of amendment -- more liberal than elsewhere -- which has characterized our practice. Particularly relevant is the familiar law that an amendment may be allowed which would bring in a party who, when added, would have been barred by a statute of limitations from commencing an independent action and, indeed, that this is a reason to permit the amendment." Rafferty v. Sancta Maria Hosp., 5 Mass. App. Ct. 624, 627 (1977) (quotations omitted). See McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678, 683 (1967) (concluding that former version of G. L. c. 40A "does not deprive the court of amending power in respect of timely appeals" and allowing plaintiff to amend complaint to add original applicant as defendant beyond statutory time frame for service); Shaughnessy v. Board of Appeals of Lexington, 357 Mass. 9, 12-14 (1970).

There is nothing in the plain text of the zoning act that is inconsistent with the conclusion that the Superior Court retained the subject matter jurisdiction conferred by the previously filed timely appeal.  The zoning act requires only that the "appeal" be filed within twenty days.  It does not explicitly address the procedures that must be followed when that appeal results in a judicially-ordered remand pursuant to which the board issues a new decision.  We cannot discern any statutory purpose that would be meaningfully served by requiring the filing of multiple lawsuits by and against the same parties concerning what is, at bottom, the same project, albeit with some modifications.[8]  See Cappuccio v. Zoning Bd. of Appeals of Spencer, 398 Mass. 304, 309 (1986) (construing statutory language to avoid "absurd result").  The defendants essentially concede as much in allowing that the zoning act would have been satisfied by an amended complaint as opposed to a brand new action.

If all that was required was for 311 West Broadway to seek leave to amend its initial complaint, we are satisfied that § 11 did not deprive the court of jurisdiction to entertain such

---

[8] In its brief on appeal, Bromfield relied on a decision of the Land Court.  See Chatfield-Taylor v. Nantucket Planning Bd., 13 Land Ct. Rep. 595, 596-597 (Land Court No. 301672 Dec. 7, 2005) (Piper, J.).  In reaching our conclusion, we are informed by the guidance provided by the judge in that case, who faced a similar question.

request beyond the twenty-day statutory period.  The previously timely filed appeal concerning Bromfield's underlying permit application was still pending when the 2015 decision issued and a review of the record -- and specifically the December, 2014, status conference -- indicates that all parties and the status judge were essentially in agreement that the Superior Court litigation would resume in some form after the new decision issued, although there was clearly confusion on all sides about the form such resumption would take.[9]  Despite the fact that the board had already voted in Bromfield's favor by the time of the December status conference, at no point did Bromfield assert that the court would be deprived of jurisdiction by virtue of the new decision.  It then twice postponed status conferences after that decision issued, eliminating an opportunity for all parties to revisit the issue on the record within the twenty-day time frame.

We recognize the existence of cases strictly enforcing statutory zoning appeal requirements even in situations where the result might appear harsh.  See, e.g., Cappuccio, 398 Mass. at 311-312 (zoning appeal filed one day after twenty-day

_____

[9] In pointing to the shared understanding of the parties, we are not suggesting that the parties created subject matter jurisdiction by agreement where it would have otherwise been lacking.  That being said, nothing in the parties' actions suggested a view that as a matter of law, subject matter jurisdiction would be defeated by virtue of the new decision after remand.

deadline of G. L. c. 40A, § 17, left court "without jurisdiction to entertain the appeal"). Although courts police zoning appeal jurisdictional requirements "in the strongest way," Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808 (1976), as noted, the underlying appeal that set the Superior Court litigation in motion here was timely filed. A delay in moving for leave to amend the complaint does not vitiate the timeliness of the previously filed appeal. Consequently, any delay in seeking leave to amend did not "nullify the essential acts . . . to deprive the court of the jurisdiction which it has acquired." Shaughnessy, 357 Mass. at 13 (concluding that statutory language ostensibly mandating dismissal of appeal for late-filed affidavit does not actually require dismissal unless failure to file affidavit within prescribed time was prejudicial).

Other than those initial requirements that put parties on notice of the challenge to a zoning board's decision, statutory zoning appeal requirements "have been dealt with leniently" because "there is a different approach to the carrying out of the later steps of an action which has been timely commenced." Pierce, 369 Mass. at 808, 809. See Halko v. Board of Appeals of Billerica, 349 Mass. 465, 467-468 (1965). With respect to "slips in the procedure for judicial review" that are not "destructive" of the purposes of the procedural scheme, we consider "how far they have interfered with the accomplishment

of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." Pierce, 369 Mass. at 805, quoting from Schulte v. Director of the Div. of Employment Security, 369 Mass. 74, 79-80 (1975).

In light of this case law concerning the later steps of a timely commenced action and the silence of the zoning act with respect to amending complaints after the board issues a new decision on remand, we consider whether dismissal was consistent with the statutory purposes or necessary to protect Bromfield from prejudice. See Water Dept. of Fairhaven v. Department of Envtl. Protection, 455 Mass. 740, 744 (2010) ("Our primary duty in interpreting a statute is to effectuate the intent of the Legislature in enacting it. . . . Where the meaning of a statute is not plain from its language, we consider the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated" [quotations omitted]).

The strict statutes of limitation for judicial review reflect the legislative intent that "affected parties should be able to rely on the decisions of boards of appeals and special permit granting authorities which have not been challenged within a limited period." Iodice v. Newton, 397 Mass. 329, 334 (1986). See Kramer v. Zoning Bd. of Appeals of Somerville, 65 Mass. App. Ct. 186, 192-193 (2005) ("The statutes of limitation

for judicial review of special permit decisions -- whether twenty days, or ninety days where there has been a defect in notice -- exist to promote finality and to preclude attacks indefinitely on decisions which have already been tested in the hearing process").  Here, however, Bromfield cannot credibly contend that it was unaware of 311 West Broadway's continuing challenge to its project, and the pendency of previously filed litigation with an imminent court date set for a status conference eliminates all concerns about finality or attacks in the indefinite future.  The underlying legislative purposes are therefore not vindicated by the dismissal here.

Nor has Bromfield even suggested that any inaction by 311 West Broadway caused a "material delay in prosecuting the appeal," McLaughlin, 351 Mass. at 683, that prejudicially disadvantaged Bromfield.  Especially given that the parties had ongoing court dates scheduled at all relevant times and that it was Bromfield that moved to postpone those court dates after the 2015 decision issued, this would be a difficult proposition to sustain.  Instead, Bromfield has rested its argument entirely on a reading of the statutory scheme that would require dismissal of even meritorious appeals of zoning decisions that had been timely filed and remained pending during remand.  We do not agree that the statutory scheme requires that a party that has already appealed a decision of the board in litigation that

remains pending, and that continues to be aggrieved by a decision of the board after remand ordered as part of that litigation, must move to amend its complaint within twenty days after the postremand decision is filed.  Cf. DiGiovanni v. Board of Appeals of Rockport, 19 Mass. App. Ct. 339, 343 (1985) ("If a somewhat ambiguously worded document is understood by all concerned to be a request for a specific form of relief, the notice requirements of G. L. c. 40A, § 15, are satisfied.  We do not exalt form over substance in such a case"); Musto v. Planning Bd. of Medfield, 54 Mass. App. Ct. 831, 837 (2002) (unreasonable elevation of form over substance for planning board to deny extension of time for applicant to obtain formal approval from board of health when informal approval had already been granted).  The remand here was at the unanimous request of the parties and the proceedings below reflect that the parties were to report back to the court after the board took action. That this remand was not understood to have simply annulled the 2013 decision and 311 West Broadway's appeal therefrom is evidenced by the fact that the remand order was not contained in a judgment terminating the appeal and ordering a new hearing on an entirely new application.

Bromfield's contention that the board's decision on remand related to an entirely different or new project is belied by the facts that Bromfield did not actually begin the process again by

filing a new application[10] with the ISD (and so no new refusal letter issued) and that the board's new decision continued to reference the same underlying application (# ALT151390) and case number (BZC-32279). The court already had jurisdiction over that application and that zoning board case, and the new decision did nothing to vitiate that. This is not merely a point about form without regard to substance. Anyone interested in the status of that application would know that the original board decision had been timely appealed and could tell from the Superior Court docket that the appeal was still underway. Cf. Pierce, 369 Mass. at 808 (importance of furnishing constructive notice to interested persons that board's decision has been challenged and may be overturned). Again, Bromfield cannot possibly claim to have been unaware that 311 West Broadway was continuing to press its challenge to the project. In light of these considerations, we do not consider the claimed materiality of the changes to the project dispositive here.

It is important to emphasize that our holding here is a narrow one based on the facts of this case. Our reasoning would not perforce apply to all cases in which the board issued a new decision after a judicially-ordered remand. See McLaughlin, 351

---

[10] We do not suggest that whether a new application has been filed is necessarily dispositive to determining whether a new appeal is required from a resulting board decision. We simply note that in this case, it is relevant to an assessment of the ongoing understanding of the parties.

Mass. at 683 ("Of course, where there is substantial delay or inaction . . . the aim and the language of the statute make emphatic the propriety of dismissal of the appeal"). Given 311 West Broadway's diligent efforts to assert its rights here and the complicated procedural maneuvering involved, there is no justification in the statute or in equity for imposing a "gotcha" forfeiture of its rights. Cf. id. at 682 ("We think the Legislature, with an intent of expedition, did not intend to create a series of procedural barriers reminiscent of an earlier age of the law").

Conclusion. Because it appears that the motion judge believed that he was required by statute to dismiss the complaint in the wake of the board's new decision on remand, we reverse the judgment of dismissal. The case is remanded for further consideration consistent with this opinion, including reconsideration of the motion to amend the complaint. On remand, the judge is free to consider the extent of any proposed amendments, whether good reason exists therefor, and any delay in pursuing amendment. See Cappuccio, 398 Mass. at 314 ("Although rule 15[a] provides that leave to amend 'shall be freely given when justice so requires,' Mass.R.Civ.P. 15[a], 365 Mass. 761 [1974], broad discretion remains with the judge"). To the extent a judge determines that there was any undue delay in 311 West Broadway's efforts to assert its challenge, we "leave

the sanction to the discretion of the judge rather than mechanically to destroy the action."  Pierce, 369 Mass. at 809.[11]

So ordered.

---

[11] Given the conclusion we reach, we need not address 311 West Broadway's contentions that the 2015 decision was drafted by Bromfield for the board and that it contains misstatements and  distortions concerning the remand process.  To the extent still relevant, these issues can be addressed on remand.