RAYMOND P. O'BLENES vs. ZONING BOARD OF APPEALS
OF LYNN & another.[1]

Essex. February 3, 1986. — May 14, 1986.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

Zoning, Appeal. Jurisdiction, Zoning. Practice, Civil, Dismissal, Summary
judgment, Zoning appeal. Estoppel.

The Superior Court did not have jurisdiction of an appeal from a decision
of a city's zoning board of appeals granting a variance, where notice of
the appeal was filed in the city clerk's office twenty-one days after notice
of the board's decision rather than within twenty days as required by
G. L. c. 40A, § 17. [557-558]
The fact that counsel for a person aggrieved by a decision of a city's zoning
board of appeals was misinformed by the clerk of the board concerning
the expiration date of the period for appealing the board's decision did
not estop the board from challenging the timeliness of the appeal in the
Superior Court, in view of the strong public policy for assuring a timely
record of such appeals in the city clerk's office and in view of counsel's
unreasonable reliance on the clerk's advice. [558-559]

CIVIL ACTION commenced in the Superior Court Department
on March 7, 1985.

A motion for summary judgment was heard by *Peter F.
Brady*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Sharon E. Feigenbaum* (*Paul R. Collier, III*, with her) for
the plaintiff.

*Nicholas G. Curuby*, City Solicitor, for Zoning Board of
Appeals of Lynn (*John C. Mihos*, for John O'Connor, with
him).

O'CONNOR, J. In this case, the defendants moved pursuant
to Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974),

[1] John O'Connor.

to dismiss the plaintiff's complaint appealing a decision of the zoning board of appeals of Lynn (board). That decision granted a variance to the defendant O'Connor to construct a thirteen-unit apartment building on his property. In support of their motion, the defendants filed a memorandum to which was attached the affidavit of an assistant clerk in the office of the city clerk asserting that the decision of the board was filed on February 15, 1985, and that no notice of appeal was filed in the city clerk's office until March 8, 1985, twenty-one days later. In their memorandum, the defendants relied, as they do here, on the provisions of G. L. c. 40A, § 17 (1984 ed.), requiring that "[a]ny person aggrieved by a decision of the board of appeals . . . may appeal to the superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the city . . . clerk. . . . Notice of the action with a copy of the complaint shall be given to such city . . . clerk so as to be received within such twenty days."

The plaintiff also filed an affidavit. Attorney James E. Smith's affidavit stated that on February 19, 1985, he received an inquiry from a member of a neighborhood group (of which the plaintiff impliedly also was a member) concerning the neighbors' rights to appeal the board's decision. According to the affiant, he thereafter spoke on the telephone to an individual described in the affidavit as "the clerk for the Board of Appeals," and that that individual told Mr. Smith that "the last day for appealing the decision was March 8, 1985." Lastly, the affidavit states that "in reliance upon that date as provided by the Board and its agents, [counsel] pursued the Plaintiff's appeal in this case."

A judge of the Superior Court allowed the defendants' motion to dismiss, and placed on the motion this notation: "It appears that this Plaintiff has not complied with the notice requirements of G. L. c. 40A, § 17, thus the Motion to Dismiss is allowed." The plaintiff appealed to the Appeals Court and we granted his application for direct appellate review.

Rule 12 (b) of the Massachusetts Rules of Civil Procedure provides that "[i]f, on any motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim

upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Mass. R. Civ. P. 56, 365 Mass. 824 (1974)]." The defendants' motion asserted defense numbered (6) (as well as defense numbered [1]), and it is clear that the judge did not exclude, but rather considered, the affidavits filed by the parties. The question, then, is whether the materials accompanying the motion affirmatively show that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c). *Attorney Gen.* v. *Bailey,* 386 Mass. 367, 370-371 (1982). *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553-554 (1976).

The only materials outside the pleadings shown in the record are the aforementioned affidavits. Our inquiry, therefore, is limited to those documents.[2] The uncontroverted affidavit filed by the defendants establishes that the notice of appeal was not filed in the office of the city clerk until March 8, 1985, twenty-one days after the board's decision was filed. The uncontroverted Smith affidavit establishes that "the clerk" of the board misinformed the plaintiff's counsel that the appeal period ran until March 8. Unless the fact that the board's clerk misinformed plaintiff's counsel concerning the appeal period's

---

[2] In their briefs filed in this court, the parties argue about the effect to be given to a notation appearing on O'Connor's petition for a variance, allegedly placed thereon by an employee of the board, stating "Filed City Clerk's Office 2/15/85. Appeal date 3/8/85." They also argue about whether a newspaper article, published during the twenty-day appeal period, provided adequate notice to the interested parties. The facts underlying those contentions do not appear in the materials accompanying the motion to dismiss, treated as a motion for summary judgment, and therefore, we do not consider them. We do not intimate, however, that if we were to consider those facts, our holding in this case would be affected.

The plaintiff's complaint does allege that O'Connor's original petition was endorsed by the board in the manner set forth above. However, "Rule 56 (e) provides that once a motion is made and supported by affidavits and other supplementary material, the opposing party may not simply rest on his pleadings or general denials; he must 'set forth *specific facts*' (emphasis added) showing that there is a genuine, triable issue. Rule 56 (e)." *Community Nat'l Bank* v. *Dawes, supra* at 554.

expiration date requires a different result, the complaint was rightly dismissed because the Superior Court is without jurisdiction to entertain an appeal from a decision of a board of appeals if the plaintiff has failed to file a notice of the appeal in the clerk's office within twenty days after the filing of the board's decision. *Bjornlund* v. *Zoning Bd. of Appeals of Marshfield,* 353 Mass. 757 (1967). *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, 420 (1963).

The plaintiff argues that the defendants are estopped from contending that the late filing of the notice of appeal bars his action. The argument fails. This court has been "reluctant to apply principles of estoppel to public entities where to do so would negate requirements of law intended to protect the public interest." *Holahan* v. *Medford,* 394 Mass. 186, 191 (1985), quoting *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Auth.,* 387 Mass. 687, 693 (1982). See *McAndrew* v. *School Comm. of Cambridge,* 20 Mass. App. Ct. 356, 361 (1985). Application of estoppel principles would be inappropriate here. The public interest in assuring that there is a timely record in the city clerk's office giving "notice to interested persons that the decision of the board of appeals has been challenged and may be overturned," *Pierce* v. *Board of Appeals of Carver,* 369 Mass. 804, 808 (1976), requires strict enforcement of the statutory notice requirements.

Furthermore, "[i]n order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow." *Boston & A. R.R.* v. *Reardon,* 226 Mass. 286, 291 (1917). The reliance of the party seeking the benefit of estoppel must have been reasonable. *Franklin County Realty Trust* v. *Assessors of Greenfield,* 391 Mass. 1018, 1018-1019 (1984). *Ford* v. *Rogovin,* 289 Mass. 549, 552 (1935). As a matter of law, it was not reasonable for counsel to rely on the statement of a clerk of the board for a determination of the last day for completing the procedural requirements for initiating an appeal from the board's decision. Counsel had an obli-

gation to determine the date on which the board's decision was filed, and he was bound to take notice of the statutory requirements. *Phipps Prods. Corp.* v. *Massachusetts Bay Transp. Auth., supra.*

*Judgment affirmed.*