50 F.3d 1
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
DELA, INC., Plaintiff, Appellant,
v.
CNA INSURANCE COMPANY, Defendant, Appellee.
 No. 94-1577
 United States Court of Appeals,
First Circuit.
 Mar. 14, 1995
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Edward F. Harrington, U.S. District Judge ]
 Stuart M. Holber, Russell S. Channen and Phillips, Gerstein & Holber on brief for appellant.
 Thomas M. Elcock, James T. Hargrove, Debra A. Joyce and Morrison, Mahoney & Miller on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Dela, Inc., a Massachusetts company engaged in the business of laminating fabrics, suffered nearly $80,000 in damages when its building was flooded on March 17, 1990. When its insurance carrier, defendant CNA Insurance Co., disclaimed coverage for such losses, plaintiff brought the instant declaratory judgment action. That suit was filed on April 17, 1992, twenty-nine days after the expiration of the applicable limitations period on March 19, 1992. The district court proceeded to award summary judgment for defendant on the ground that the action was time-barred. The sole issue now on appeal is whether defendant should be equitably estopped from relying on the limitations defense.
 
 
 2
 Under Massachusetts law, which we apply in this diversity action, the doctrine of equitable estoppel is well established. Inasmuch as the doctrine is designed to prevent results "contrary to good conscience and fair dealing," McLearn v. Hill, 276 Mass. 519, 524 (1931), there are "no rigid criteria" governing its application, Libman v. Zuckerman, 33 Mass. App. Ct. 341, 346 (1992). Broadly stated, estoppel seeks to prevent a person "from denying the consequences of his conduct where that conduct has been such as to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made." Bergeron v. Mansour, 152 F.2d 27, 30 (1st Cir. 1945) (applying Massachusetts law). In the statute of limitations context, the doctrine requires proof "that the defendants made representations they knew or should have known would induce the plaintiffs to put off bringing a suit and that the plaintiffs did in fact delay in reliance on the representations." White v. Peabody Constr. Co., 386 Mass. 121, 134 (1982); accord, e.g., Whitcomb v. Pension Dev. Co., 808 F.2d 167, 172 (1st Cir. 1986) (applying Massachusetts law). It is unnecessary that defendant intentionally mislead or deceive the plaintiff, see, e.g., MacKeen v. Kasinskas, 333 Mass. 695, 698 (1956), or even that defendant intend by its conduct to induce delay, see, e.g., LaBonte v. NY, NH & Hart. R.R., 341 Mass. 127, 131 (1960) ("one is responsible for the word or act which he knows, or ought to know, will be acted upon by another") (emphasis added); accord, e.g., Clauson v. Smith, 823 F.2d 660, 663 n.3 (1st Cir. 1987). It is necessary, however, that "[t]he reliance of the party seeking the benefit of estoppel [be] ... reasonable." O'Blenes v. Zoning Board of Appeals, 397 Mass. 555, 558 (1986).
 
 
 3
 In seeking to invoke this doctrine here, plaintiff points to communications between the parties' attorneys, particularly to a telephone conversation that occurred on January 27, 1992. In an affidavit submitted below, plaintiff's trial counsel (John James) described that conversation with defendant's counsel (Frank Toto) as follows. The attorneys there discussed the need for a declaratory judgment action in the event the matter was not settled. James said he had been authorized to bring suit but would await defendant's response to a pending settlement demand. When asked if defendant intended to file suit to resolve the coverage issue, Toto "unequivocally" stated that "if the matter did not settle CNA would be bringing an action for declaratory judgment." James replied that he would accept service of process on behalf of his client and that he "would not file the action in anticipation of [defendant's] filing suit." (Attached to the affidavit was a letter written by Toto to James three days later, which mentioned that "[i]n our last conversation, ... you agreed to accept service of any declaratory judgment action CNA might file over the coverage issue.") In his affidavit, James went on to explain that he had believed, based on this conversation and his amicable relationship with Toto, that defendant would be filing suit; that he had relied on this agreement in not bringing suit himself; and that he immediately filed the action when it became apparent that defendant was not going to do so.
 
 
 4
 On appeal, defendant contends that James' reliance on Toto's promise was unreasonable in light of the "clarification" that appeared in the latter's follow-up letter.[1] In its view, the reference there to "any declaratory judgment action that CNA might file" (emphasis added) was sufficient to call into question defendant's intentions in this regard. A more plausible interpretation, we think, is that Toto's choice of language simply reflected the possibility that the case would be settled in the interim. We find nothing in his letter that would seriously undercut an "unequivocal" promise voiced three days earlier.
 
 
 5
 We nonetheless agree that plaintiff's reliance on that representation was unreasonable as a matter of law. From all that appears, Toto conveyed this pledge in a single telephone conversation, at a time when nearly two months remained before the limitations period expired. The follow-up letter contained no explicit confirmation thereof, and the matter was never addressed again. Most important, plaintiff took no steps thereafter to ascertain whether defendant had in fact fulfilled its promise. This last factor proves largely dispositive.
 
 
 6
 The instant case is unusual in that the representation at issue-a promise to file suit-concerned an action that was to be performed before the statute of limitations expired, not afterwards. Plaintiff was thus in a position to confirm, prior to the March 19, 1992 deadline, that defendant had followed through on its pledge. Yet no such steps were taken. As that date approached, with no notice of any filing having been received, plaintiff failed even to place a telephone call to ascertain the status of events. No matter how "unequivocal" Toto's statement had been, and no matter how cordial the attorneys' relationship was, we think that such a lack of diligence precluded invocation of equitable estoppel as a matter of law. See, e.g., O'Blenes, 397 Mass. at 558-59 (holding that it was unreasonable for attorney to rely on statement by zoning board clerk as to when appeal period expired; attorney "had an obligation to determine" the relevant facts); cf. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (quoted in McKinney v. Waterman S.S. Corp., 925 F.2d 1, 6 n.6 (1st Cir. 1991)).
 
 
 7
 The judgment is affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Defendant offered no response below to James' affidavit-perhaps because its summary judgment motion was granted eight days after that affidavit was filed