GREEN, C.J.
*390 Section 17 of the Zoning Act, G. L. c. 40A, sets out the procedural requirements for a person aggrieved by a decision of a zoning board of appeals or special permit granting authority to seek judicial review "by bringing an action within twenty days after the decision has been filed in the office of the town clerk," and further specifies *752 that "[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days." A judge of the Land Court allowed the defendant's motion for summary judgment, dismissing the plaintiffs' complaint, on the ground that the plaintiffs did not timely give the required notice to the town clerk. Because the undisputed facts in the summary judgment record establish that *391 the town's assistant clerk had actual knowledge of the plaintiffs' complaint within the required time, we reverse the judgment. See Konover Mgmt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 324-325, 588 N.E.2d 1365 (1992) ( Konover ).
Background. The following facts are established by the summary judgment record. The plaintiffs, Brian S. Hickey and Mary P. Hickey own land abutting the location of a proposed stairway leading to Cape Cod Bay. The Dennis building commissioner determined that the stairway would be a landscape feature not subject to the setback requirements set forth in the local zoning by-law, and not requiring a building permit.
The Hickeys unsuccessfully appealed from that decision to the defendant zoning board of appeals of Dennis (board). After voting unanimously to uphold the building commissioner's determination, the board filed its decision with the town clerk's office on April 14, 2016.
On April 20, 2016, the Hickeys timely filed their complaint appealing from the board's decision in the Land Court under G. L. c. 40A, § 17. On April 21, 2016, the Hickeys' counsel sent copies of the complaint by certified mail to each of the individual members of the board, addressed to their respective homes.[2] On the same day, the Hickeys' counsel sent a package by certified mail addressed to "Chairman, Zoning Board of Appeals" at the Dennis town hall, which included copies of the same documents sent to the board members individually.
The chairman's packet was received at the Dennis town hall on April 25, 2016, where it was routed to the office of the town planner by some time on April 26, 2016. After his receipt of the chairman's packet, the town planner had a series of conversations with the assistant town clerk. At some point prior to May 4, 2016 (the end of the twenty day appeal period), the town planner told the assistant town clerk that the plaintiffs had filed their complaint in the present case in the Land Court.[3] It is, in other words, undisputed that the assistant town clerk had actual knowledge that the plaintiffs had appealed from the board's decision before the *392 appeal period expired.[4]
It is undisputed that the Hickeys' counsel did not mail a copy of the complaint to the Dennis town clerk. Moreover, neither *753 the clerk nor the assistant clerk saw a copy of the Hickeys' complaint before May 5, 2016. The Hickeys' counsel's only direct communication with the town clerk's office for the purpose of providing notice of the appeal occurred by an electronic mail message dated May 5, 2016-which he sent after the town clerk certified that she had not received any notice of an appeal within the required timeframe.[5]
The board moved to dismiss the Hickeys' complaint, based on the failure to file notice of the appeal or a copy of the complaint with the town clerk before May 4, 2016. After the Land Court judge permitted limited discovery on the issue, the board converted its motion to one for summary judgment. The judge then allowed the motion, and entered judgment dismissing the complaint. This appeal followed.
Discussion. "[R]eceipt of notice by the town clerk is a jurisdictional prerequisite for an action under G. L. c. 40A, § 17, which the courts have 'policed in the strongest way' and given 'strict enforcement.' " See Konover, 32 Mass. App. Ct. at 322-323, 588 N.E.2d 1365, quoting from Pierce v. Board of Appeals of Carver, 369 Mass. 804, 808, 343 N.E.2d 412 (1976) and O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558, 492 N.E.2d 354 (1986). The purpose of notice to the town clerk is to provide "notice to interested persons that the decision of the board of appeals has been challenged and may be overturned." Pierce, supra at 808, 343 N.E.2d 412.
However, "[s]trict compliance with all the details of the notice provision is not required, so long as notice adequate to serve the *393 purpose of the provision is given within the period limited." Costello v. Board of Appeals of Lexington, 3 Mass. App. Ct. 441, 443, 333 N.E.2d 210 (1975). By way of example, in McLaughlin v. Rockland Zoning Bd. of Appeals, 351 Mass. 678, 680, 223 N.E.2d 521 (1967), the court concluded that the purpose of the statute was met when the plaintiffs timely filed a copy of their complaint with the town clerk, even though they did not file a separate notice stating that it had been filed in court. Similarly, the court found notice adequate in Carr v. Board of Appeals of Saugus, 361 Mass. 361, 362-363, 280 N.E.2d 199 (1972), where the plaintiff timely filed a notice of the appeal with the town clerk but did not include a copy of the complaint. In Garfield v. Board of Appeals of Rockport, 356 Mass. 37, 39, 247 N.E.2d 720 (1969), the plaintiffs delivered notice that they had filed an appeal and a copy of the complaint with the town clerk at her home at 6:35 P.M. on the last day of the appeal period, after the town offices had closed. The court held that delivery to the clerk at her home satisfied the notice requirement. Ibid.
Finally, in the circumstances closest to those in the present case, notice was deemed adequate in Konover, supra. In that case, counsel for the plaintiff had prepared two sets of papers for service at the town hall-one for service on the board and the other for delivery to the town clerk. Id. at 320-321, 588 N.E.2d 1365. Both were placed together in a sealed envelope marked "Summonses to the Auburn Planning Board in the Town of Auburn."
*754 Id. at 320, 588 N.E.2d 1365. The process server, unaware that the envelope contained two sets of papers, left the sealed envelope with the secretary to the town planner. Ibid. Days later, but within the appeals period, the town planner opened the envelope and walked across the hall to the town clerk's office where he told the clerk and an assistant town clerk that he had received the plaintiff's complaint. Id. at 321, 588 N.E.2d 1365. He showed the assistant town clerk the front page of the complaint-"to see if she received what I had received"-which she had not. Ibid. After that, the town planner placed all of the documents he had received into a file in the board's office, and no formal notice of the appeal was ever filed with the town clerk. Id. at 322, 588 N.E.2d 1365. In concluding that the requirements of § 17 had been met, the court observed that the "key element" in cases "relaxing the rigors of strict compliance with the zoning appeal statute" is that within the twenty-day statutory appeal period "the clerk is actually notified that an appeal-i.e., a complaint-has in fact been timely filed," id. at 324-325, 588 N.E.2d 1365, and that "it is the state of the clerk's knowledge, not the physical location of the papers, that controls."
*394 [6] Id. at 324-325, 588 N.E.2d 1365.
As we have observed, in the present case it is established that the clerk knew sometime before May 4, 2016, that the plaintiffs had filed a complaint in the Land Court appealing from the decision of the board of April 24, 2016, decision of the board. Since it is the state of the clerk's knowledge that controls, the requirements of G. L. c. 40A, § 17, were satisfied, and the order allowing the defendant's summary judgment motion was error.[7]
Judgment reversed

In addition to the complaint, the packages included a cover letter, a copy of a summons, a civil action cover sheet, and the Land Court's Limited Assistance Representation Information Sheet.

The parties agree that service of notice on the assistant clerk is the equivalent of service on the clerk. See Konover, supra at 324 n.9, 588 N.E.2d 1365.

In allowing the defendant's motion for summary judgment, the motion judge reasoned that because the assistant clerk's knowledge of the plaintiffs' complaint relied on a hearsay statement by the town planner rather than the assistant clerk's direct personal observation of the complaint, it did not constitute "knowledge" of the complaint within the meaning of Konover. We are aware of no authority requiring, and we see no reason for, the imposition of such adjudicative evidentiary standards on the assessment of the clerk's actual knowledge that an appeal has been taken.

The town clerk's May 5, 2016, certification was attached to the board's original decision and stated that "this decision was filed on April 14, 2016, and no appeal was filed within 20 days after date of filing." Later that day, apparently recognizing that the earlier certification did not accurately describe matters as known to the clerk's office, the town clerk affixed a revised certification to the board's decision, stating "this decision was filed with the Town Clerk's office on April 14, 2016, and no Notice of Appeal from the decision was filed with the Town Clerk's Office within 20 days of April 14, 2016."

The paramount significance of the state of the clerk's knowledge was reiterated in Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 571, 754 N.E.2d 1078 (2001), even as it declined to accept as adequate a notice of appeal delivered to the mayor fifteen minutes after the clerk's office closed on the twentieth day, since the clerk did not learn of the appeal until the following day.

In the present case, the plaintiffs served the individual members of the board, and mailed a copy of the complaint to the chairman of the board at the town hall. The case accordingly does not require us to consider whether notice would be adequate if it came to the attention of the town clerk by means other than through communications with other officials charged with administration of the local zoning by-law.