NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-416

JOSHUA SMALL & another[1]

vs.

PLANNING BOARD OF WESTPORT & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On June 17, 2022, the plaintiffs filed a complaint in the Superior Court seeking to challenge the planning board of Westport's (board) grant of a special permit and site plan to Ironwood Renewables, LLC (Ironwood), issued May 31, 2022. Although the plaintiffs timely filed their appeal in court, they failed to file a notice of appeal with the town clerk's office as required by G. L. c. 40A, § 17 (§ 17).  As a result, Ironwood filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974).  The plaintiffs served discovery, and sought an extension of time to respond to the motion.  A judge allowed the extension, but stayed discovery.  Ultimately the plaintiffs

---

[1] Richard Armstrong.
[2] Ironwood Renewables, LLC and Pat Mayall in her capacity as trustee of the Mayall Family Realty Trust.

filed an opposition to the motion, and after a hearing, a different judge allowed the motion.  Judgment entered, and this appeal followed.

Here, the plaintiffs filed their complaint in the Superior Court within twenty days, but failed to file any notice of appeal with the town clerk's office within twenty days as required by § 17.  Section 17 states in relevant part:

> "Any person aggrieved by a decision of the board of appeals . . . may appeal to . . . the superior court . . . by bringing an action within twenty days after the decision has been filed in the office of the city or town clerk. . . .  Notice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."

Thus, receipt of notice by a city or town clerk is a prerequisite for an action under G. L. c. 40A, § 17, that is "policed in the strongest way and given strict enforcement" (quotation omitted).  Bingham v. City Council of Fitchburg, 52 Mass. App. Ct. 566, 568 (2001).  Here, the plaintiffs filed an affidavit "as to service of appeal complaint" with certified mail receipts addressed to the defendants (but not the town clerk) dated June 23, 2022, two days after the twenty day appeal period had expired under § 17.  It is well settled that the notice requirement is jurisdictional, and therefore the plaintiff's failure to timely file their notice of appeal with the town clerk's office is fatal.  See Iodice v. Newton, 397 Mass. 329, 333-334 (1986).  This is due to "[t]he public

2

interest in assuring that there is a timely record in the city clerk's office giving notice to interested persons that the decision of the board of appeals has been challenged and may be overturned" (quotation omitted).  O'Blenes v. Zoning Bd. of Appeals of Lynn, 397 Mass. 555, 558 (1986).

Notwithstanding, the plaintiffs contend that they are entitled to conduct limited discovery on the town clerk's knowledge of their appeal and thus the judge erred by not allowing them to do so.  The plaintiffs' reliance on our holding in Hickey v. Zoning Bd. of Appeals of Dennis, 93 Mass. App. Ct. 390 (2018), to support their claim is misplaced.  Unlike this case, in Hickey, there was record evidence that the clerk had actual knowledge within the twenty day appeal period that the plaintiffs had filed a complaint in the Land Court, and thus we held that, under the circumstances presented, the state of the clerk's knowledge controlled, and the requirements of § 17 were satisfied.  Id. at 394.  Here, the unrebutted sworn affidavits of the town clerk and assistant town clerk confirm that they had no knowledge of the appeal until sometime after June 21, 2022, and that no notice of appeal was filed within the requisite twenty day appeal period.  On these facts, the judge did not abuse her discretion in denying the plaintiffs' request for

limited discovery.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).[3]

                                        Judgment affirmed.

                                        By the Court (Rubin, Blake &
                                          Shin, JJ.[4]),

                                        *Paul Little*

                                        Assistant Clerk


Entered:  March 6, 2024.

---

[3] The defendants' request for an award of appellate attorney's fees is denied.
[4] The panelists are listed in order of seniority.

4