NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1282

SANFORD FEMAN & another[1]

vs.

BOARD OF APPEALS OF CONCORD & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Sanford Feman and Linda Chin, appeal from a judgment in the Superior Court dismissing their action pursuant to G. L. c. 40A, § 17, by which they sought judicial review of a decision by the town of Concord's board of appeals (board) granting a special permit to defendant Li-Jen T. Lin to convert an existing detached garage into an accessory dwelling unit (ADU).  Lin applied for the special permit on May 22, 2024. After a public hearing, the board approved Lin's application on July 11, 2024, and filed the decision with the town of Concord's

_____

[1] Linda Chin.

[2] Li-Jen T. Lin.

clerk's office (town clerk) on September 26, 2024.  The plaintiffs own and reside at a property contiguous to that of Lin, and on October 16, 2024, they filed a complaint for judicial review in the Superior Court asserting that the allowance of the ADU would unlawfully interfere with the use of their easement appurtenant in violation of an order of the Land Court in a different case.  On October 18, 2024, the plaintiffs delivered a document titled, "Notice of Action," with a copy of their complaint attached, to the town clerk.

After Lin answered the complaint, the board moved to dismiss the plaintiffs' action pursuant to Mass. R. Civ. P. 12 (b) (1) and (6), 365 Mass. 754 (1974), citing the plaintiffs' failure to serve the town clerk with a copy of the complaint within twenty days of the issuance of the board's decision as required by G. L. c. 40A, § 17.  In their opposition to the motion, the plaintiffs contended that "it is possible to infer that the Town Clerk . . . did have actual knowledge that an appeal had been timely filed within the statutory twenty days." In support of this argument, the plaintiffs pointed to an e-mail message copied to the town clerk asking who could accept service of process for the board, and an affidavit from Feman stating that, prior to filing the complaint, he visited the offices of the board, corresponded with town employees, and informed a board clerk that the plaintiffs were appealing from the board's

2

decision.  Following a hearing, a Superior Court judge allowed the motion and dismissed the complaint for lack of subject matter jurisdiction, concluding that none of the materials submitted by the plaintiffs "demonstrate that anyone at the Town of Concord Clerk's office had actual knowledge of Plaintiffs' G. L. c. 40A lawsuit by October 16, 2024."  The plaintiffs appeal, and we affirm.

"We review de novo the allowance of a motion to dismiss for lack of subject matter jurisdiction under rule 12 (b) (1)." Allegaert v. Harbor View Hotel Owner LLC, 100 Mass. App. Ct. 483, 486 (2021), quoting 311 West Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016).  General Laws c. 40A, § 17, provides that a person aggrieved by a decision of a zoning board of appeals or a special permit granting authority may seek judicial review in the Superior Court by bringing an action within twenty days after the decision has been filed with the town clerk.  To do so, "[n]otice of the action with a copy of the complaint shall be given to such city or town clerk so as to be received within such twenty days."  G. L. c. 40A, § 17. Compliance with this notice provision is a "jurisdictional prerequisite" for an action under G. L. c. 40A, § 17, and is strictly enforced.  Hickey v. Zoning Bd. of Appeals of Dennis, 93 Mass. App. Ct. 390, 392 (2018).  See Bingham v. City Council

of Fitchburg, 52 Mass. App. Ct. 566, 569 (2001) ("Failures in meeting the twenty-day deadline are not forgiven").

On appeal, the plaintiffs concede that they did not satisfy the twenty-day notice requirement set forth in G. L. c. 40A, § 17, but argue that their action should nevertheless proceed because the town clerk had actual knowledge of the complaint. The requirement of formal notice has been relaxed in circumstances where the town clerk received actual notice of the filing within the required time. See Hickey, 93 Mass. App. Ct. at 392-394; Konover Mgt. Corp. v. Planning Bd. of Auburn, 32 Mass. App. Ct. 319, 326-327 (1992). The "key element" is that "within the mandatory twenty-day period the clerk is actually notified that an appeal -- i.e., a complaint -- has in fact been timely filed." Konover Mgt. Corp., supra at 324-325. Doing so satisfies the purpose of the statutory notice requirement because "interested third parties [can] be forewarned [by the clerk] that the zoning status of the land is still in question." Id. at 325, quoting Carr v. Board of Appeals of Saugus, 361 Mass. 361, 363 (1972).

Nothing in the record here shows that the town clerk was actually notified by October 16, 2024, that the plaintiffs had filed a complaint in the Superior Court. In particular, the plaintiffs' inquiries and statements to the board and the town regarding their intention to appeal did not provide actual

4

notice that a complaint had been filed.  This conclusion is supported by the affidavit of the town clerk, submitted with the motion to dismiss, who stated that "[n]either my office nor I received a copy of the Complaint or any other notice of the Complaint on or before October 16, 2024."  "Since it is the state of the clerk's knowledge that controls," Hickey, 93 Mass. App. Ct. at 394, the complaint was properly dismissed for lack of jurisdiction.[3]

Judgment affirmed.

By the Court (Neyman,
Hershfang & Toone, JJ.[4]),

Clerk

Entered:  May 28, 2026.

---

[3] Lin's request for attorney's fees and costs is denied.

[4] The panelists are listed in order of seniority.

5